## JAMES C. ZANE v. SARAH M. ZANE.

### *Error from Wyandotte County.*

1. PLEADINGS: LIMITATION.—A petition that shows upon its face that the cause of action is barred by the statute of limitations does not state facts sufficient to constitute a cause of action.

2. TRIAL: OBJECTIONS:—A defendant in default, who has neither answered nor demurred, has not thereby waived his right to appear at the trial and object to the sufficiency of such a petition.

3. TRIAL: RECEPTION OF EVIDENCE:—And in such a case it is error for the district court to receive evidence and render judgment on such a petition over the objections of the defendant.

4. The common law doctrine stated.

The petition in this action, commenced in a justice's court, is as follows:

"Zane        Before John B. Scroggs,
    v.            Justice of the Peace, Wyandotte county.
Zane.                    Petition.

Plaintiff says the defendant owes her one hundred and eleven dollars with interest from January 26, 1864, at the rate of ten per cent. per annum, until paid, on his promissory note of that date now due and payable, for

which she asks judgment against said defendant, a copy of which note is attached and made a part of this petition.

By C. S. Glick, her attorney.

[COPY OF NOTE.]

$110.10.                              January 26, 1864.

One day after date I promise to pay to Sarah M. Zane or order, the sum of one hundred and eleven dollars, value received, with interest at ten per cent. per annum until paid.                James C. Zane."

[Stamp, 25.]

Other facts in the case appear in the subjoined opinion.

*Hale & Bartlett*, for plaintiff in error.

*C. S. Glick*, for defendant in error.

*By the Court*, VALENTINE, J.

This action was founded in the court below upon a promissory note, and the petition in said court shows upon its face, that the claim was barred by the statute of limitations, before the action was brought. The defendant made an appearance in the action, but neither answered nor demurred to the petition. He objected to the sufficiency of said petition, claiming that it did not state facts sufficient to constitute a cause of action, for the reason that the petition shows that the claim was barred as aforesaid. He first raised the question of its sufficiency by objecting to the introduction of the evidence; Secondly, by objecting to the rendering of any judgment, and Thirdly, by moving for a new trial.

The questions for this court to decide are:

1. Does said petition state facts sufficient to constitute a cause of action?

2. Did the defendant by failing to answer or demur to the petition, thereby wave his right to object to its sufficiency in any other way?

3. Could the defendant properly raise the question of the bar of the statute of limitations, in the way he did; that is, by objecting to the evidence and judgment and moving for a new trial, as aforesaid?

LIMITATION of actions. The statute of limitations, applicable to this action, is as follows: (*Comp. Laws* 127) "A civil action, other than for the recovery of real property, *can only be brought* within the following periods : within three years, an action upon a specialty, or any agreement, contract or promise in writing." This statute, if construed literally, would at the end of three years take away all remedy from the plaintiff. It would operate by its own force as an absolute bar to a recovery, and the courts could not properly wait for an objection to come from the defendant by answer or demurrer or otherwise, but should take notice of the bar on their own motion. Such seems to have been the earlier opinion of the English courts under their statute. *Brown v. Hancock, Cro. Car.*, 115.

COMMON LAW rule. But afterwards, and since that time, the common law courts of England, as well as of this country—becoming more hostile to such statutes, and considering them unjust in their operation—have ruled otherwise. These courts have held for a great many years that a declaration, which shows upon its face that the claim is barred by the statute, is nevertheless a good declaration ; and they have not allowed the defendant to raise the question of the statutory bar, in any way, ex-

cept by special plea. In this respect the courts of common law have differed from the courts of equity; for it is well settled that if it appear upon the face of a bill in equity that the suit is barred by the statute, the bill is defective; and in such case the defendant is not required, as in a court of common law, to set up the objection by plea or answer, but he may do so by demurrer. *Story's Eq. Pl.*, *6th Ed.*, §§ 484, 503, 750; *Humbert v. Trinity Church*, 7 *Paige Ch. R.*, 195; *Van Hook v. Whitlock, id.*, 373; 2 *Barb., S. C.*, 489; *Ang. on Limit.*, § 294, *and cases there cited.*

EXCEPTIONS.

The defendant was never, in any court, required to negative in his pleading the exceptions which take a case out of the operation of the statute; but in all cases, if the plaintiff's claim appeared to be barred, it devolved upon him to show that it was not barred by setting up some one of the exceptions. In courts of chancery he had to do this in his bill. In courts of common law he did it in his replication; but in the latter court he was not required to do so until the question had been raised by the plea of the defendant. *Ang. on Limit.*, § 285, *and cases there cited; Story's Eq. Pl.*, *6th Ed.*, § 484.

STATUTE.

In such states as have abolished—as ours has —all distinctions between actions at law and suits in equity, and adopted a code of practice resembling more the old chancery practice than it does that of the common law, it seems their courts have followed more closely the chancery practice. Van Santvoord, in his work on pleading, [*2d Ed.*, 268, 269; *see also* 688,] speaking of the rule of pleading the statute in common law actions, says: "The rule of pleading, it is conceived, is changed, and if it distinctly appears on the face of the

complaint that the plaintiff's claim is barred by the statute,      *     *     *     *      the complaint will be defective, as showing upon its face a state of facts constituting no cause of action, and in analogy with the old practice in chancery, the defendant may demur." And in the case of Sturgis v. Burton [8 *O. St.*, 215] the court say: "Where the cause of action appears upon the face of the petition to be barred, there is, in law, no cause of action alleged; and in analogy with the practice in chancery, we see no objection, in such case, to the defendant interposing a demurrer under the code." And such is the doctrine of this court, held in the case of Miflin v. Stalker, [4 *Kan.*, 283,] and probably held much stronger in the case of Burns v. Garvey, [4 *Kan.*, 555.] In the latter case the facts are not reported. See, also, Coles v. Kelsey, [2 *Texas*, 541.]

The decision of this court in the case of Backus v. Clark [1 *Kan.*, 303] is not in conflict with any of the foregoing decisions, and neither does it in any way affect this case. In that case the time when the cause of action accrued was not alleged in the petition, as it is in this case, and hence the petition in that case did not show upon its face that the cause of action was barred. If the copy of the account sued on, which in that case, was attached to the petition and made a part thereof by the petition itself, is to be considered as a part of the petition, then the petition clearly showed that the cause of action was not barred.

In the case at bar, we clearly think that the petition does not state facts sufficient to constitute a cause of action.

WAIVER OF OB-
JECTIONS.     The next question is whether a defendant in default, who has neither answered nor de-

murred, has thereby waived his right to object to the sufficiency of such a petition in any other way; that is, whether he can raise the question of the bar of the statute of limitations in any way except by answer or demurrer. We have seen that under the old rule, in the courts of common law, the question could be raised only by plea; and it has also been decided under the code practice, in analogy with the old equity practice, that where the petition does not upon its face show that the cause of action is barred, that the question can be raised only by answer, [*McKinney v. McKinney*, 8 *O. St.*, 423;] and we have the dictum of Judge Swan, in the case of Sturgis v. Burton, [8 *O. St.*, 215,] that under the code practice, where the petition does show upon its face that the claim is barred, the question can be raised only by answer or demurrer. There is no decision, however, of any court that we are aware of, under the code practice, which expressly decides this question one way or the other.

In the case of Auld & Auld v. Butcher & Butcher [2 *Kas.* 135] the court decided that the defendants had by their answer and other proceedings inconsistent with the defense of the statute of limitations, waived their right to set up such defense, or to object to the petition, which showed upon its face that the claim was barred, yet they seem to recognize the doctrine, that the defendants could not waive such right by merely failing to demur or answer to such a petition. Using their own language the court says, "That the *lack of material facts* in the petition to constitute a cause of action, is not waived by failing to demur for that cause, or answer, is fairly inferable from the language of that section—meaning section 98 of the code. [*Comp. Laws*, 140.] This decision, however, is not entirely applicable for our purpose, as the court do

not say whether they consider such a petition as "lacking any material facts." We know of no reason, why a petition, defective in this respect, should be treated differently from a petition defective in other respects. It is probably true that there may be defects in a petition, which may be cured by answer or other proceedings, it is certainly true that there may be defects in a petition which may be cured by a verdict; for what is defectively stated in the petition is presumed to have been duly proved at the trial; but what is there to aid a defective petition in an action founded on a promissory note, when the defendant is in default? In such a case the defendant admits by his default the truth of the facts alleged against him, and nothing more. [ *Code, amended Section 137. Comp. Laws*, 236; 1 *Chitty's Pl.*, 673, 674.] There is no need of any evidence in such a case. The findings of the court are founded upon the allegations of the petition only. A demurrer to such a petition admits precisely the same thing as a default does—nothing more and nothing less. Then why should such a petition be defective on demurrer, as all the later authorities will agree, yet good on a default? The law makes no such distinction. Section 98 of the code [ *Comp. Laws*, 140.] says generally, that the defendant does not waive the objection that the petition does not state facts sufficient to constitute a cause of action, by failing to set up the objection by demurrer or answer. The code in another section provides how a party may waive his right to the benefit of the statute. [§ 31, *Comp. Laws*, 129.] He may do so by making a part payment, or by an acknowledgment, *in writing*, of an existing liability, or by a promise, in writing, to pay the same. But where can any authority be found for saying that a defendant waives his right

to the benefit of the statute, by failing to demur or answer to a defective petition?

And thirdly and lastly, if the defendant did not by failing to demur or answer to the petition, waive his right to raise the question of the bar of the statute of limitations in some other way, then it necessarily follows that he did raise it properly, for he raised it in every way he could, and at every stage of the proceedings.

The judgment of the court below is reversed, and the case is remanded for further proceedings.

All the justices concurring.