## A. M. FERGUSON v. FRANK SMITH, *et al.*

1. PARTIES; *Defendants in Error.* The parties at whose instance and in whose favor an order is made in the district court, are necessary parties to any proceeding in this court to reverse such order.

2. ———— And where a cause is brought to this court without making or joining as defendants in error the parties whose rights are sought to be determined, such petition in error will be dismissed.

### *Error from Labette District Court.*

FERGUSON sued *Smith* and another for an alleged indebtedness, and obtained an order of attachment which was levied on the property of defendants.    Certain judgment-creditors of the defendants, not parties to the proceedings, filed a motion "to vacate and set aside the order of attachment issued in this case."    Notice of said motion was given to plaintiff

*Ferguson,* and said motion was heard before the district judge at chambers on the 12th of January 1872. The *defendants* did not appear in person or by counsel. The record shows that—

"Plaintiff Ferguson appeared by counsel, and Ayres & Fox, attorneys, appeared for J. M. Wiggins, et al., judgment-creditors of defendants as aforesaid. The plaintiff by his counsel objected to the hearing of said motion generally, and especially on the ground that Wiggins, et al., were not a party to the suit, and that counsel were not appearing for defendants, nor any party or parties of record to this suit. But the district judge overruled said objection. And said motion of said Wiggins, et al., to vacate and discharge said order of attachment being heard, on consideration thereof it is ordered and adjudged that said order of attachment be and the same hereby is discharged, dissolved and held for nought—to which ruling and decision counsel for the plaintiff excepted and excepts."

From such order *Ferguson* appeals, and brings the case here on error for review.

*J. H. Crichton,* and *J. D. Conderman,* for plaintiff in error, submitted that the statute makes no provision for any person other than the *defendant* to move to discharge an attachment: Code, §§ 228, 229. Judgment-creditors cannot avail themselves of the defendant's rights to do so for any defects occurring in the papers upon which the order was issued. *Meade v. Howard,* 12 Ohio St., 158.

*Ayres & Fox,* in opposition, contended that "there are no objections on principle to allow the judgment-creditors of a defendant, by motion, to remove the impediment or cloud upon their debtors' property, (a trust fund for the payment of debts,) without resorting to an action."

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error as plaintiff below brought suit and obtained an attachment in the district court of Labette county against the defendants in error. J. M. Wiggins and others, judgment creditors of the defendants,

filed a motion to vacate and discharge this attachment. The defendants were not parties to this motion, interposed no motion of their own, and made no appearance. Plaintiff objected that the judgment-creditors had no right to appear in the case, and make the motion, but the judge of the district court decided otherwise, and discharged the attachment. Plaintiff by this proceeding in error now seeks to reverse that decision. But he makes only the defendants in the court below defendants here. He does not make the judgment-creditors, upon whose motion the attachment was discharged, parties, nor bring them into court. If the creditors were proper parties to make such a motion in the district court, they are necessary parties to a proceeding in this court to reverse the decision thereon. The defendants should not be placed in such position as possibly to become responsible for the costs of a controversy between their creditors, in which they have no interest; otherwise their whole property might be absorbed in costs, and none of it be applied to the payment of either debt. The petition in error must therefore be dismissed.

All the Justices concurring.