AARON PALMER, Respondent, *v.* ALEXANDER HOLLAND, Treasurer of the American Express Company, Appellant.

Where a note is delivered to the agent of an express company, with directions to take it to the place where the maker resides, present it for payment, and, in case of refusal to pay, to sue and collect immediately, and it is received and sent forward by the agent with instructions in accordance with the directions, this is a contract to carry, not to forward, the note; and if the company's line does not extend to the designated place (the sender being ignorant of the fact and not being advised thereof at the time of the delivery of the note), and the note is forwarded by another company, the latter becomes the agent of the former, and the former is responsible for damages resulting from the negligence or non-compliance by the latter with the directions.

Where several propositions are contained in one request to charge, unless all are material and true in law and in fact, the court does not err in refusing to comply with the request.

(Argued September 26, 1872; decided January term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, entered upon an order denying motion for new trial and directing judgment in favor of plaintiff upon a verdict.

This action was brought to recover damages for neglect of duty upon the part of the American Express Company in collecting a promissory note, delivered to it for that purpose.

On the trial it appeared that about the 27th of April, 1858, the plaintiff delivered to an agent of the American Express Company, at Brockport, in this State, a promissory note, made by one Thomas Ogg Shaw, at Rochester, in this State, on the seventh day of April, 1855, for $1,900, payable to the order of the plaintiff on the first day of January, 1866, at the Brockport Exchange Bank, indorsed by the plaintiff, and stated to the agent "that he wanted it taken to San Francisco, and presented to Mr. Shaw, payment demanded, and, if not paid, suit brought at once and collection made." The agent placed it in a collection envelope and indorsed upon the envelope the amount of the note, from whom received, and by whom made, adding these words, "if

not paid on presentation, have it sued and collected as soon as possible." When this note was delivered by the plaintiff he believed that the American Express Company's line extended to San Francisco, and had no information to the contrary. The line of that company did not in fact extend beyond New York. The note was carried by that line to the city of New York, and there delivered to Wells, Fargo & Co.'s express. The usual time required in 1858 for the transmission of a package from that city to San Francisco was thirty days. This note was received in San Francisco in the early part of that year and was presented by a clerk of Wells, Fargo & Co. to Shaw and payment demanded, with which demand Shaw refused to comply; and then, instead of having the note sued, as directed, they wrote the plaintiff on the subject of Shaw's liability to pay the note, without first having its payment demanded at the bank where it was made payable. His letter was answered by the plaintiff's attorney, under date of July 26, 1858, stating it to be the business of Shaw to show that he had the funds at the bank ready to pay, and concluded by saying: "The note is a valid one, and if there is any way to collect it, as we think there must be, Mr. Palmer wants it done; he is responsible." Upon the receipt of this letter by Wells, Fargo & Co. they delivered the note to a law firm in San Francisco in good standing with instructions to sue it if they thought the money could be collected. On the eighth day of January following (1859) an action was commenced upon the note in the fourth judicial district court of California, in the plaintiff's name, against Shaw, to the complaint in which Shaw interposed no other answer than a two years' statute of limitations, made to prevent the maintenance of an action upon a contract made elsewhere than in that State against an inhabitant of that State who had resided therein, exclusive of absences from the State, two years after the cause of action accrued, and on the trial it appeared, and was so found by the jury, that Shaw had resided there two years one month and six days, exclusive of absences, and

thereupon it was ordered and adjudged by the court, that the plaintiff take nothing by his action, and that Shaw recover from him his costs and disbursements. Shaw continued to reside in California until August, 1865, when he returned to the city of New York, and remained in that vicinity until about the first day of October, 1866, when he removed to Chicago, Illinois, where he has ever since resided. Defendant gave proof that prior to, at the time, and subsequent to the suit in California, Shaw was insolvent. The evidence upon that subject was conflicting.

At the conclusion of the evidence, the court held and decided that The American Express Co., by its contract, undertook to take the note to California, and there first present it to Shaw for payment, and then sue it. That Wells, Fargo & Co. were, for that purpose, the defendant's agents; that they, instead of causing a suit to be immediately commenced when payment was refused, without any valid excuse, delayed suing until the statute of limitations ran upon the demand, and that the plaintiff thereby lost it. That the defendant was precluded from questioning what was adjudged in the suit in California, and that the only question for the jury was as to the amount of damages the plaintiff was entitled to recover; to which decisions and rulings the counsel for the defendant duly excepted.

The court charged the jury that if, at the time the note was received in California by Wells, Fargo & Co., the pecuniary circumstances of Shaw were such that nothing could have been collected of him in that State, and he remained in that condition down to the time the statute of limitations ran upon the demand, it would mitigate the damages to a nominal amount. That upon this point the testimony was conflicting; that the burden of proof was upon the defendant, and it should be such as to satisfy them beyond a reasonable doubt that Shaw was irresponsible, and that nothing could have been collected of him by suit; that if the testimony simply left their minds in doubt, the plaintiff was entitled to their verdict on that question.

The defendant's exception to this portion of the charge is as follows: "Defendant excepts to that portion of the charge that if there was reasonable doubt as to whether Shaw was solvent or not, the plaintiff was entitled to recover the amount of the note and interest." Defendant requested the judge to charge that the action in California was prosecuted solely at the expense of Wells, Fargo & Co.; that Shaw resided here only for a limited period; that his prior and subsequent residence was where it now is, in the State of Illinois, and that the plaintiff's right of action upon the note was the same as before the action in California, and that the plaintiff must show affirmatively that he has sustained damage; with which request the judge declined to comply, and the defendant's counsel excepted.

The jury rendered a verdict in favor of the plaintiff for the amount of the note and interest, and exceptions were ordered to be heard in the first instance at the General Term.

*H. C. Van Vorst* for the appellant. The judge erred in charging that defendant was liable for the negligence of Wells, Fargo & Co. (*Lowell Wire Fence Co.* v. *Sargent,* 8 Allen, 189; *Jenneson* v. *Cam. and A. R. Co.,* 4 Am. L. Reg., 234; 2 Redfield on Railways, § 170, sub. 7, § 180, sub. 2; Story on Agency, § 201; Paley on Agency, 17, 20.) All questions compounded of law and fact must be submitted to the jury. (*Foot* v. *Wiswall,* 14 J.R., 304.) There is no absolute rule as to what constitutes negligence. (S. & R. on Neg., 219, and cases cited in note; *Hunter* v. *Caldwell,* 10 Q. B., 69, 82.) Plaintiff must show affirmatively that he has sustained damages. (*Allen* v. *Suydam,* 20 Wend., 321; *Lienau* v. *Dinsmore,* 3 Daly, 365.) If an agent uses reasonable diligence in appointing a sub-agent, he is not responsible for the sub-agent's neglect or fraud. (Story on Contracts, § 155; Paley on Agency, by Lloyd, 17, 20; Story on Agency, § 201, and note; 1 Livermore on Agency, chap. 2, § 4, pp. 56, 57; *Hum* v. *Union Bk. Louisiana,* 4 Rob., 109; *Brownley* v. *Coxhell,* 2 Bos.

& Pul., 438; *Cochran* v. *Islam*, 2 M. & S., 301; Chitty on Contracts, 233, 234, 236; Parsons on Mer. Law, 155, 156.)

· *W. F. Cogswell* for the respondent. The objection to the records of the judgments of Supreme Court of California was not well taken. (Act of congress of May 26, 1790, 1 Stat. at Large, 122; 1 Brightley's Dig., 265; 1 Conkling's Treatise [3d ed.], 390; *Hatcher* v. *Rocheleau*, 18 N. Y., 86; Code, § 426.)

GRAY, C. When the plaintiff delivered this note to the defendant's agent at Brockport he believed the defendant's express line extended to San Francisco, and was not informed to the contrary; and he accompanied its delivery with a request that the note be taken (not sent) to San Francisco and presented to Shaw, payment demanded, and, if not paid, to have suit brought at once; and in pursuance of this request the defendant's agent at Brockport, to whom the note was delivered, indorsed upon the envelope in which the note was carried the following direction, to be observed in regard to it: "If not paid on presentation, have it sued and collected as soon as possible." This clearly was not a mere contract to forward, but to carry the note to San Francisco and present it for payment, and, if not paid, to have it sued at once. If, after this note reached San Francisco and payment was demanded upon it and declined, it had, in accordance with the directions given, been sued at once, this controversy would have been saved. No error was committed in the ruling on the trial, that Wells, Fargo & Co., in what they did, acted as the agent of the defendant. I do not think the fault was imputable to the attorneys employed by Wells, Fargo & Co. But if otherwise, the defendants were responsible for their delinquency. (*Ayrault* v. *The Pacific Bank*, 47 N. Y., 570.) The fact that the plaintiff by his attorney answered the letter addressed to him by Wells, Fargo & Co., by no means sanctioned the delay in prosecuting the note. No delay was asked for and none was approved; and hence the judge was

right in holding that the delay was not excused, and that the defendant was liable in some amount of damages, to be settled by the jury.   When, after the plaintiff had proved the contract and the defendant's neglect in performing it, and that the result was a judgment against the plaintiff for costs, and rested, the defendant moved that he be nonsuited upon these grounds : 1st. That the plaintiff had sustained no damage whatever ; 2d. That no negligence had been made out against the defendant ; and 3d. That the California statute had run on the note when it was delivered to the defendant.   And when each of these propositions was properly overruled, the first two for reasons already stated, and the third that it was not true, the defendants then, without further question, proceeded, for the purpose of avoiding their liability to pay damages, to prove that if the note had been seasonably sued in California and judgment recovered, that by reason of the insolvency or embarrassed circumstances of Shaw nothing could have been collected upon it ; and the trial proceeded throughout without a suggestion that any other reason for the reduction of damages existed, and until the evidence had closed, and no question having yet been raised or allusion in any way made to what the appellant now substantially claims, viz., that the judgment in California was not upon the merits of the plaintiff's demand, but a judgment refusing, under a local law of that State, to hear and determine its merits upon the ground that the contract sued upon, not having been made in California, was not seasonably presented there, and hence that an action might have been brought upon it in this State or Illinois, after Shaw's return from California in 1855, the judge proceeded to review and decide the several questions presented by the evidence in the case, five in all, and in the course of the review and decision he stated that the defendant, instead of causing a suit to be immediately commenced upon the demand when payment was refused, without valid excuse delayed suing it until the statute had run upon it, and that the plaintiff thereby lost it ; and now the appellant insists that the judge, in this statement that the plaintiff thereby

lost it, intended to and did decide that the judgment in California was a bar to an action brought upon the same demand elsewhere than in that State. The answer is twofold : 1st. That the judge, in what he said, was alluding to the proceedings in California, and as to what had been lost in that State by the omission on the part of the defendants to do their duty ; and 2d. That the case is without evidence to show that up to this time the question as to the right of the plaintiff to sue elsewhere than in California, after the court in that State had decided that he take nothing by his action, had occurred to the defendant's counsel, who it is presumed before the trial commenced had considered each question that would arise upon the merits, and was prepared to present each one distinctly to the consideration of the judge, whose duty it was to decide such questions as were presented ; and when after the counsel for the respective parties had addressed the jury, without, so far as appears by the case, alluding to this proposition, the judge in his charge instructed them that it belonged to the defendant to prove that Shaw was irresponsible, and that the defendant must satisfy them beyond a reasonable doubt that nothing could have been collected of him by suit in California, and if upon that point the evidence simply left their minds in doubt, the plaintiff was entitled to their verdict. The exception taken represented the judge as charging, "that if there was no reasonable doubt as to whether Shaw was solvent or not, the plaintiff was entitled to recover the whole amount of the note and interest." The judge certainly did not say so. All he said was, in substance, that if the testimony simply left their minds in doubt the plaintiff was entitled to their verdict ; that the whole amount could have been collected of Shaw if judgment had been recovered against him in that State. No question had been made on the trial, or at the close of the evidence, as to the burden of proof. When the plaintiff rested the defendants erroneously insisted that no damages whatever were recoverable ; and when they were overruled no measure or rule of damages was suggested by the defendants' counsel ; and when

the amount of the note, including the interest upon it, was conceded the defendants, as if conceding that if they were liable in any amount of damages they were liable for the full sum of the note and interest, asserted, in avoidance of that liability, and entered upon the proof to establish the fact that, even though a judgment had been recovered in California, nothing could have been collected upon it. They took this position, and the cause was tried and submitted to the jury upon this theory; and hence, if for no other reason, the defendants cannot complain of the judge's charge that the burden of proving that a judgment against Shaw upon the demand could not have been collected of him in California rested upon defendants.

The request to charge embraced in a single request five propositions: First, that the action in California was prosecuted solely at the expense of Wells, Fargo & Co.; second, that Shaw resided here only for a limited period; third, that his prior and subsequent residence was in Illinois, where it now is; fourth, that the plaintiff's right of action was the same as before the action in California; and, fifth, that the plaintiff must show, affirmatively, that he has sustained damages. The first and second of these propositions were each immaterial. The third was an unquestioned fact. The fourth, I infer from the argument submitted to us, was designed to present the question whether the plaintiff's right of action, elsewhere than in California, was the same that it was before his defeat in his action in that State; but the proposition, as made, amounted to a request to charge that his right of action everywhere, including California, was the same that it was before the court in that State had decided that his right to maintain an action there was barred by the statute of limitations. The fifth proposition is disposed of by what has been said as to the burden of proof.

Unless the several propositions contained in this single

request were material to the issue, and true in fact and in law, the judge did not err in refusing to comply with it. That they were not, is obvious.

The verdict appealed from should be affirmed.

All concur.

Judgment affirmed.