WILLIAM W. ROLLER, et al., v. JOHN M. SNODGRASS.

PARTIES; *Petition to be Joined as Defendants; Refusal to Grant Such Petition.* Where an action for the dissolution of a corporation is pending in the district court—said corporation being the defendant, and a stockholder therein being the plaintiff—and the parties by a written stipulation filed in the case settle the matters in controversy, but no judgment is yet rendered in the case upon such settlement, and a third party who is also a stockholder in said corporation then petitions the court to be made a party defendant in the action so that he may contest the plaintiff's cause of action upon its merits, alleging collusion and fraud upon the part of the plaintiff and defendant in seeking to dissolve the corporation, and the court denies such petition, and then

upon rendering the final judgment in the case renders the same according to said stipulation, and with the consent of the plaintiff and defendant, in favor of the plaintiff, but for costs only, and does not dissolve the corporation: *held,* that the court below, in denying said petition of said third party, did not commit such an error as will require or even authorize a reversal of the judgment.

### *Error from Franklin District Court.*

IN an action pending in the district court wherein *Snodgrass* was plaintiff and the Ottawa Furniture and Wood-Work Co. was defendant, *Roller* and three others sought to be made parties defendant, and filed their petition praying to be so joined. The district court, at the ·March Term 1873, refused to grant said petition, and gave judgment in said action in accordance with the stipulation of the parties thereto. From such decision and order of said district court in denying their application to be made parties defendant, *Roller* and the other petitioners appeal, and bring the case here for review, making *Snodgrass* only, defendant in error. The facts are stated in the opinion.

*Wm. H. Maxwell,* for plaintiffs in error.

*Mason & Parkinson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by Snodgrass against the Ottawa Furniture and Wood-Work Company, a corporation doing business at Ottawa. Snodgrass was a stockholder in said company. The object of the action was to have the business affairs of the company closed up, and the corporation dissolved. What the entire proceedings were in the court below, we cannot tell; for the record brought to this court does not purport to contain all the proceedings, and we know from the record itself that it does not contain them all. We would presume however that among the proceedings a receiver was appointed who took charge of the affairs of the company for a time; that afterward all the questions involved in the case were settled by all the parties

interested therein by a written stipulation filed in the case; that in pursuance of this settlement and stipulation the court afterward discharged the receiver, and rendered judgment merely for costs in favor of the plaintiff. · But the most of this we infer merely from some recitals in a journal entry of the proceedings of the court, for neither the appointment of the receiver, nor the report of his proceedings, nor said stipulation, is contained in the record brought to this court. Both the plaintiff and defendant seem to be satisfied with the judgment rendered in this case, but other parties, to-wit, W. W. Roller, John Roller, Albert Gottschalk, and C. M. Ott, complain, and these parties bring the case to this court. They have not however made the Ottawa Furniture and Wood-Work Company a party in this court. Possibly said company would not like to have the judgment below reversed, and have the case remanded for further proceedings. (*Furguson v. Smith*, 10 Kas., 394.) Said receiver was discharged on March 29th, 1873. At that time, according to said journal entry, said stipulation was on file in the case. The defendant in error says in his brief that said stipulation was a full settlement of all the matters in controversy in this case, and that it was signed by all the parties interested, including these plaintiffs in error; but whether this is so or not, we cannot tell from the record. On April 3d 1873, five days after said stipulation is known to have been on file in the case, the plaintiffs in error filed a petition asking to be made parties defendant in the action, alleging that they were stockholders in said corporation, that they were interested in the controversy, and alleging collusion and fraud on the part of the plaintiff and defendant in seeking to dissolve the corporation, and various other things. On April 7th the court below denied said petition, and then on the same day rendered said judgment for costs in favor of the plaintiff Snodgrass and against the said Furniture and Wood-Work Company. What the costs were, what the amount was, or for what items they might be charged, we cannot tell, as the record does not show, and they have never been taxed.

38—14 KAS.

The first and about the only ruling of the court below complained of is the denying of said petition of plaintiffs in error to be made parties to the action. Now what evidence was introduced, or what other matters were taken into consideration by the court below upon the hearing of said petition, we are not advised. Possibly the evidence introduced on the hearing may have shown that the matters alleged in said petition were not true. This petition was an application on the part of the plaintiffs in error to be made parties defendant, so that they might contest the plaintiffs' cause of action upon its merits. But the merits of the action, we must presume from the record had already been settled, and no judgment upon the merits was rendered in favor of the plaintiff below, and no judgment upon the merits was rendered which could in the least injure any one of the plaintiffs in error. If the plaintiffs in error had been allowed to contest the action they could not have got any more favorable judgment for the said company, or for their own interests therein, than was actually rendered by the court. They simply did not want the corporation dissolved, and it was not dissolved. It is possible that they might have made some change in regard to the costs, but what change if any we cannot tell from the record presented to us. If we had a full record of all the proceedings in the court below it is possible that we might find that the plaintiffs in error had by said stipulation estopped themselves from raising any question, either upon the merits of the action, or as to costs. But in whatever light we may view the record, the plaintiffs have lost nothing directly, and but very little if anything indirectly, by failing to be made parties to the action. As we have before said, the only change that they could possibly have made in the judgment by being parties and contesting the case would have been as to costs. And as these costs are imposed by the judgment on the Furniture and Wood-Work Company, and not on the plaintiffs, the only injury to them is an indirect injury by tending to depreciate the value of their stock. We should think that the court would in cases of

this kind have some discretion in allowing or disallowing new parties to come in for the purpose of contesting some question in the case, and if so it would seem almost like an abuse of discretion for a court to allow a new party, who had no direct, but only an indirect and remote interest in the matters in controversy, to come in and contest the entire case, merely to save a very small amount of costs (how small we cannot tell) from being imposed upon a corporation of which he was a member, when the corporation itself had ample notice of the suit, and was not unwilling that the costs should be so taxed. The court below clearly did not commit any abuse of discretion. While courts of equity will protect the rights of individuals, yet something must always be left to the discretion of such courts; and while courts of equity will often protect individual stockholders of a corporation from the wrongful or unjust acts of the directors of such corporation, yet some discretion must always be left for the directors to exercise. They must have some power to determine what is for the best interests of the corporation. And courts should not in doubtful cases say that they have mistaken the best interests of the corporation, and therefore reverse their action.

We do not think that it is necessary in this case to decide whether the petition of the plaintiff below stated a good cause of action or not; or whether a corporation can answer only under seal or not; or whether the petition of the plaintiffs in error in the court below was sufficient or not, *prima facie*, to make them parties defendant; for neither the plaintiff nor defendant in the action are now complaining, and the only parties complaining are parties who complain merely because some indefinite amount of costs was taxed against a corporation of which they were members. While we do not think that the court below under the facts of this case (as we would presume them to be from the record) committed any error, yet we feel clear that, view the record as we may, no such error was committed as will require or even authorize a reversal of the judgment below.

All the Justices concurring.