JAMES McKINSTRY v. WILLIAM CARTER *et al.*

PARTITION — *Erroneous Judgment* — *Exception* — *Review.*   A personal
judgment rendered against a party in a partition action, which is
not supported by the pleadings, cannot be sustained; and if the er-
ror of the court in rendering such a personal judgment is apparent
in the transcript brought to this court, no exception is necessary to
have the judgment of the district court reviewed and reversed.

*Error from Comanche District Court.*

THE opinion states the case.

*McKinstry & Wise,* for plaintiff in error.

*T. G. Chambers,* and *W. S. Denton,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was commenced in the court
below by James McKinstry, to recover an interest in certain
real estate situate in that county, or its value if partition
could not be made.   He claimed under a conveyance from
W. R. Colcord, who, he alleged, was interested, with W. H.
Carter, Thomas B. Campbell and Frank Thornton in the real
estate described in his petition.   The case was tried before
the court with a jury, and the jury found, among other things,
that W. R. Colcord owned at one time an undivided one-
fourth interest in the land in dispute, subject, however, to
certain assessments or moneys due from him to Carter, Camp-
bell, and Thornton, his co-tenants; that Colcord subsequently
made a conveyance of his interest in the land to McKinstry,
the plaintiff.   The trial court decreed a partition of the land,
giving McKinstry a one-fourth interest therein, upon the pay-
ment of $694.17.   The court, however, rendered judgment
in favor of W. H. Carter against McKinstry for the sum of
$481.67; the same also being decreed a lien upon the interest
of McKinstry in the land.

The evidence introduced upon the trial is not preserved in
the record, and all that we have before us are the pleadings,
verdict, findings of the jury, and the judgment.   Where the

error of the court is apparent upon the record in the rendition of a judgment, no exception is necessary to bring the case to this court for review. (*Lender v. Caldwell*, 4 Kas. 339; *Zane v. Zane*, 5 id. 134; *Woolley v. Von Volkenburgh*, 16 id. 20; *Brown v. Tuppeny*, 24 id. 30.) The personal judgment rendered against McKinstry is not supported by the pleadings, and the judgment must be modified to the extent of relieving him from the payment of the same. (*Kimball v. Connor*, 3 Kas. 415; *Green v. Dunn*, 5 id. 254; *A. T. & S. F. Rld. Co. v. Combs*, 25 id. 729.) Upon the trial, on the 19th day of September, 1888, after the plaintiff had introduced all of his evidence, each of the defendants filed a separate demurrer thereto. The court sustained the demurrers of Thomas B Campbell, Caltha C. Campbell, and Ada B. Carter, and rendered judgment in their favor for costs. The petition in error was filed in this court on September 21, 1889.

In the absence of all the evidence, the question whether the trial court committed error in sustaining the demurrers cannot be considered. The record does not show that the motion for a new trial was filed within three days after the 19th of September, 1888. As to the parties in whose favor the demurrers were sustained, this proceeding was brought too late, under the provisions of § 556 of the civil code. More than a year elapsed after the rendition of the judgment complained of as to them before this proceeding was commenced in this court. As these parties are not properly parties plaintiff or defendant in this court, within the time prescribed by the statute, the proceedings of the trial court concerning the partition of the property in dispute cannot now be inquired into.

"Parties, whether plaintiffs or defendants in the district court, who are affected by errors alleged in the proceedings in that court, must be made parties to proceedings in this court before these errors can be inquired into." (*Ferguson v. Smith*, 10 Kas. 394; *Bassett v. Woodward*, 13 id. 341.)

The judgment of the district court will be modified, as herein stated, and the costs divided.

All the Justices concurring.