### The Oakland Home Insurance Company v.
### J. R. Allen.

1. Insurance Policy—*Cause of Action not Stated.*  The petition fails to state a cause of action, in an action brought upon a policy of fire insurance to recover for a loss, when it shows upon its face that the action was not commenced within the time limited by the policy.

2. Appeal—*Error Apparent from the Record.*  It is error to render a judgment for the plaintiff upon a petition which does not state a cause of action in his favor.  The error, being apparent from the record and inherent in the judgment, may be taken advantage of on appeal, without exceptions or motion for a new trial in the district court.

Memorandum.— Error from Pottawatomie district court; William Thomson, judge.  Action by J. R. Allen against the Oakland Home Insurance Company.  Judgment for plaintiff; defendant brings error.  Reversed.  The opinion herein, filed July 6, 1895, states the material facts.

*E. F. Ware,* for plaintiff in error.

*Geo. R. Smith,* for defendant in error.

The opinion of the court was delivered by

Garver, J. :  The petition in this case is based upon a policy of fire insurance, and alleges that the fire, in consequence of which the loss was sustained, occurred April 30, 1890.  The petition was filed November 20, 1890.  The policy was attached to and made a part of the petition, and contained this condition :

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within six months next after the fire shall have occurred."

The petition contains no allegation of reason or excuse for failing to commence the action within six months next after the fire.    After the overruling of the motion made by the insurance company to set aside the service of summons, no further appearance being made by the defendant, judgment by default was entered in favor of the plaintiff below for $979.95.

The insurance company, as plaintiff in error, now claims that such judgment is erroneous for the reason that the petition shows upon its face that the action was not commenced within the time limited by the policy, and therefore states no cause of action.    This claim must be sustained.    The stipulation in the policy limiting the time in which an action may be commenced is valid and binding on the parties. (*Insurance Co. v. Stoffels*, 48 Kas. 205 ; *Insurance Co. v. Bullene*, 51 id. 764.)    A petition which shows upon its face that the claim sued on is barred states no cause of action. (*Zane v. Zane*, 5 Kas. 134.)    When the petition fails to state a cause of action, or shows that the plaintiff is not entitled to the relief demanded, it does not authorize the court to render judgment thereon.    The error, being apparent from the record, can be corrected in this court, although no exception was taken thereto by the party complaining, or motion for a new trial made. (Gen. Stat. of 1889, ¶ 4174 ; *Zane v. Zane*, supra ; *Mitchell v. Milhoan*, 11 Kas. 617 ; *Young v. Whittenhall*, 15 id. 579 ; *Woolley v. Van Volkenburgh*, 16 id. 20 ; *Brown v. Tuppeny*, 24 id. 29 ; *Stapelton v. Orr*, 43 id. 170 ; *McKinstry v. Carter*, 48 id. 428 ; *Insurance Co. v. Coverdale*, 48 id. 446.)    We must conclude, therefore, that the court erred in rendering judgment in favor of the plaintiff upon the petition.    The motion to set aside the service was, we think, properly overruled.

As it was suggested in oral argument by counsel for the defendant in error that there were sufficient reasons for delay in commencing the action, and the defect in the petition may be cured by amendment, the judgment will be reversed, and the case remanded for further proceedings in accordance with this opinion.

All the Judges concurring.