## D. W. FOREMAN v. E. J. WARD *et al.*
### No. 46.

APPEAL—*Necessary Parties.* The parties at whose instance and in whose favor an order is made in the district court are necessary parties to any proceeding in this court to reverse such order; and, where a case is brought to this court without making or joining as defendants the parties whose rights are sought to be determined, such petition in error must be dismissed.

MEMORANDUM.— Error from Johnson district court; JOHN T. BURRIS, judge. Motion by M. F. Harp and others to modify the judgment rendered in the case of D. W. Foreman against E. J. Ward and others. Motion granted. Plaintiff brings the case to this court. Dismissed. The opinion herein, filed February 14, 1896, states the facts.

*John T. Little,* and *J. W. Parker,* for plaintiff in error.

*I. O. Pickering,* for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: In 1887, D. W. Foreman sold to Mrs. E. J. Ward a farm in Johnson county, Kansas, for $10,000. Mrs. Ward paid in cash the sum of $2,-500, and gave, with her husband, her notes for the balance, secured by a mortgage on the land. On June 15, 1890, Mrs. E. J. Ward commenced an action against Foreman for damages, in the district court of Johnson county, for false representations concerning the sale of said land, and recovered a judgment against Foreman for the sum of $2,000 as damages and the further sum of $360.75 as costs. During the same year Foreman commenced an action in said court against Mrs. Ward and her husband, D. M. Ward, to recover the

balance of the purchase-price of the farm, and to fore-
close the mortgage, and on September 30, 1889, he re-
covered a judgment against both defendants for the
sum of $7,512.57, and a judgment for $1,455.77
against Mrs. Ward. In November, 1890, Foreman
began his suit in the same court against the defend-
ants, E. J. and D. M. Ward, for the purpose of having
their judgment of $2,000 and costs therein of $360.75
against him set off on his judgment of $7,512.57, and
upon the hearing of this case the court rendered judg-
ment in favor of Foreman and offset such judgment
and costs, and ordered the same to be paid by credit-
ing those amounts on the judgment of Foreman.
This was on April 3, 1891, at an adjourned session of
the January term of said court. On May 20, 1891,
and at the May term of said court, M. F. Harp and
other alleged witnesses in the case of E. J. Ward
against D. W. Foreman filed a motion in the case of
Foreman against E. J. and D. M. Ward, being the
case in which the set-off had been made, asking the
court to modify the judgment rendered therein by
deducting from the amount set off their fees in the
case of Ward against Foreman, claiming that they
were a part of the $360.75 which had been set off.
The court sustained the motion, and ordered the
judgment modified as asked. Foreman brings the
case to this court for review.

The record in this case discloses the fact that the
case presented to us for review is the case of D. W.
Foreman, plaintiff in error, v. E. J. Ward and D. M.
Ward, defendants in error, and that the errors com-
plained of were committed by the trial court upon a
motion filed in that case by certain parties who were
not original parties to the action in the court below,
nor do we think they have been made parties in this

court. . They are not made parties in the petition in error, either by name or otherwise, nor is there any appearance by any one for them in this court. The allegations in the petition in error are directed against the defendants in error, E. J. and D. M. Ward, complaining of a judgment against D. W. Foreman, plaintiff in error, and in favor of the defendants in error, or rather a modification thereof. It is true that the case-made was accepted by I. O. Pickering as "attorney for the motion and of the parties asking for the said motion herein," and that notice was given to some 18 different parties that the case would be presented for settlement and signing to the judge of the district court at a certain date, and that such notice was accepted by "I. O. Pickering, attorney for the motion." The record also discloses that in the case of Foreman against Wards there was a motion filed by one "M. F. Harp, John Ewing, T. R. Morrill, Thomas Rochester, on their own behalf, and on behalf of all the other witnesses of the plaintiff in the case of E. J. Ward v. Foreman," and these parties are named among the 18 upon whom the case-made was served ; but we do not think that the mere serving of a case upon a party is of itself sufficient to make him a party to the record. The plaintiff in error claims that they were strangers to the record in the court below, and contends for this reason that they were not entitled to any consideration. If this be true, then how can it be said that they are parties in this court without having been specially made so and brought in? The parties at whose instance and in whose favor an order is made in the district court are necessary parties to any preceeding in this court to reverse such order, and where a case is brought to this court without making or joining as defendants in

error the parties whose rights are sought to be determined, such petition in error must be dismissed. (*Ferguson v. Smith*, 10 Kan. 394.)

The petition in error, therefore, must be dismissed.

All the Judges concurring.