# ST. LOUIS CARBONATING & MFG. CO. v. LOOKEBA STATE BANK.

No. 2400.    Opinion Filed February 11, 1913.

(130 Pac. 280.)

1.   **BANKS AND BANKING**—Collections—Duties of Bank. It is the duty of a bank, which receives commercial paper for collection or other service in connection therewith, to do all reasonable acts necessary to secure its payment and secure the liability thereon of the parties thereto, and if it fails in this duty, and thereby causes loss to its principal, it becomes liable for such loss.

2.   **SALES**—Transfer of Title—Bill of Lading. Where a merchant draws a draft for a part of the purchase price of goods consigned to a customer with notes and mortgage to be executed by him for the balance, and transmits the same, with bill of lading attached, to a bank with instructions to collect the draft and have notes and mortgage executed before delivering the bill of lading, this will be held sufficient evidence of consignor's intention to reserve the title and right of possession until the draft is paid and the papers executed.

3.   **BANKS AND BANKING**—Collections—Negligence—Measure of Damages. The measure of damages which a principal is entitled to recover of a collecting bank which has been negligent is the actual loss which he has suffered, which prima facie is the amount of the claim which has been placed with said bank for collection, if there is a reasonable probability that the entire debt would have been collected except for the bank's negligence, and the burden is on the defendant to reduce it.

(Syllabus by the Court.)

*Error from Caddo County Court;*
*B. F. Holding, Judge.*

Action by the St. Louis Carbonating & Manufacturing Company against the Lookeba State Bank. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

*Pruett & Livesay* and *Gardner & Pickett,* for plaintiff in error.

*McKnight & Heskett,* for defendant in error.

DUNN, J.   This case presents error from the county court of Caddo county.   On February 18, 1910, plaintiff in error, as plaintiff, filed its petition in the said court against the defendant, in which it was alleged that it was a corporation organized under the laws of the state of Missouri and located in the city of St. Louis in said state; that on the 17th day of March, 1909, plaintiff forwarded by mail to the defendant a certain bill of lading from the plaintiff as consignor to Wade & Hadley, of Lookeba, Okla., as consignee, said bill of lading calling for a soda fountain and supplies, a sight draft on said Wade & Hadley and in favor of plaintiff, in the sum of $50, and twenty notes for $10 each made payable to plaintiff to be signed by said Wade & Hadley as makers, and also one chattel mortgage upon the merchandise so consigned.   Accompanying the notes, chattel mortgage, and bill of lading, was a letter to the said Lookeba State Bank, as follows:

"We are sending you herewith sight draft for $50.00, twenty notes for $10.00 each, and chattel mortgage securing the payment of notes.   We will ask you to have these notes and mortgage signed by Wade & Hadley of your town.   We will also ask you to collect the inclosed draft for $50.00 from them, and after same has been done we will ask you to surrender bill of lading, which is also inclosed herewith.   We will then ask you to kindly have the mortgage properly recorded and return same to us with all notes and proceeds of sight draft, less your fee for your services in the matter."

Plaintiff alleges that the instructions given the said bank in the foregoing letter were not followed, but that, contrary thereto, defendant did not collect said sight draft from the said Wade & Hadley and did not have the said Wade & Hadley execute and deliver the notes and mortgage, and delivered said bill of lading to Wade & Hadley without first collecting the said $50 and without securing the proper execution of the notes and mortgage; that, upon the delivery of the said bill of lading to Wade & Hadley by the defendant, the said Wade & Hadley secured the soda fountain and supplies and appropriated the same to their own use and benefit.   Plaintiff alleges that, by reason of said negligent and wrongful delivery of the said bill of lading, it had

been damaged· in the sum of $250, for which sum it prays judgment with interest from April 1, 1909, and for costs. ·

Defendant answered by ·general denial, and the cause came on for trial before the court without a jury. Plaintiff established the averments of its petition by the deposition of its president, to which defendant filed a demurrer, which was by the court sustained, and the cause has been lodged in this court for· review.

The question presented is whether the bank, acting in the capacity of agent for the plaintiff, having violated the instructions set out in the above letter, is liable, and, if so, in what amount. We think the rule as to the liability of the bank is well stated in Clark & Skyles on the Law of Agency, sec. 402d, as follows:

"It is the duty of an agent who receives negotiable paper for collection to do all acts necessary to secure and preserve the liability thereon of all the parties prior to his principal; and if he fails in this duty, and thereby causes loss to his principal, he becomes liable for such loss."

See, also, 2 Bolles on Modern Law of Banking, p. 572 *et seq.; Bank of Big Cabin v. English,* 27 Okla. 334, 111 Pac. 386; *Chapman v. McCrea et al.,* 63 Ind. 360; *Palmer v. Holland,* 51 N. Y. 416, 10 Am. Rep. 616; *Hoard v. Garner,* 5 N. Y. Super. Ct. 179; *Bank of Washington v. Triplett et al.,* 1 Pet. 25, 7 L. Ed. 37; *Tyson v. State Bank of Indiana,* 6 Blackf. (Ind.) 225, 38 Am. Dec. 139; *Mound City Paint & Color Co. v. Commercial Nat. Bank,* 4 Utah, 353, 9 Pac. 709; *National Revere Bank v. Nat. Bank of Republic,* 172 N. Y. 102, 64 N. E. 799.

Defendant argues that it is not made liable for the amount of the $50 draft by delivery of the bill of lading, for the reason that defendant had no right to retain the bill of lading from Wade & Hadley in accordance with plaintiff's instructions because the goods shipped were in effect delivered to Wade & Hadley on being consigned to them. On this identical proposition the Supreme Court of South Carolina, in the case of *Greenwood Grocery Co. v. Canadian County Mill & Elevator Co.,* 72 S. C. 450, 52 S. E. 191, 2 L. R. A. (N. S.) 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261, said:

"The sole question, therefore, is whether by drawing on the plaintiff with the bill of lading attached to the draft, and refusing to deliver the bill of lading without payment of the draft, the defendant retained title and right of possession of the property. The effect of a bill of lading issued by the carrier, who is a third party, on the title to the property as between the consignor and consignee, is a question of fact depending not only on the terms of the paper itself, but on the intention of the parties as expressed by their dealings with each other.  1 Benj. on Sales, secs. 568, 579, 580; *Emery v. Irving Nat. Bank,* 25 Ohio St. 360, 18 Am. Rep. 299; 24 Am. & Eng. Ency. of Law (2d Ed.) 1066; *Hobart v. Littlefield,* 13 R. I. 341; *Merchants' Nat. Bank v. Bangs,* 102 Mass. 291; *Kentucky Refining Co. v. Globe Refining Co.,* 104 Ky. 559, 47 S. W. 602 [42 L. R. A. 353, 84 Am. St. Rep. 468]; *Chandler v. Sprague,* 38 Am. Dec. 418 note; 23 Eng. Rul. Cas. 383, note.  *  *  *  As between the vendor and purchaser the authorities leave no room for doubt, however, that even if the bill of lading provides for delivery to the consignee, yet, if the consignor draws for the price attaching the bill of lading to the draft, this is sufficient evidence of his intention to reserve the title and right of possession until the draft is paid, and the consignee is not entitled to the goods until payment.  *Emery v. Irving Nat. Bank,* 25 Ohio St. 360, 18 Am. Rep. 299; *Chandler v. Sprague,* 38 Am. Dec. 419, note; *Rochester Bank v. Jones,* 4 N. Y. 497, 55 Am. Dec. 290; *Cayuga County Nat. Bank v. Daniels,* 47 N. Y. 631; *Marine Bank v. Wright,* 48 N. Y. 1; *Halsey v. Warden,* 25 Kan. 128; *Green Bay First Nat. Bank v. Dearborn,* 115 Mass. 219, 15 Am. Rep. 92."

See, also, *St. Louis & S. F. R. Co. v. Allen,* 31 Okla. 248, 120 Pac. 1090, 39 L. R. A. (N. S.) 309.

The defendant therefore being liable, the next consideration is the measure of damages in which it is responsible to plaintiff.  From an investigation of the authorities we find that the circumstances of each particular case as a rule govern the measure of damages in cases of negligence in the collection of drafts or the matter of taking proper steps to preserve liability thereon.  The damages which a principal is entitled to recover of a collecting agent who has been negligent are generally stated to be the actual loss which he has suffered, which is *prima facie* the amount of the claim which has been placed in his hands for collection, if there is a reasonable probability that the entire debt

would have been collected but for the agent's negligence. 1 Clark & Skyles, Law of Agency, sec. 402g; 2 Bolles on the Modern Law of Banking, pp. 572, 573; 3 Sedgwick on Damages, sec. 819; *Allen v. Suydam,* 20 Wend. (N. Y.) 321, 32 Am. Dec. 555. And, as was said by the Supreme Court of Nebraska, in the case of *Dern et al. v. Kellogg et al.,* 54 Neb. 560, 565, 74 N. W. 844, 846:

"It is only necessary to show a reasonable probability that with due care the collection would have resulted. The burden then rests on the defendant to show that there was no damage."

Under the circumstances of this case, the burden is upon the defendant to show that there was no damage, or that the damage was less than the full amount of the note or that the damage was only nominal. Clark & Skyles on the Law of Agency, sec. 402g; Bolles on Banking, pp. 572, 573; *Dern et al. v. Kellogg et al., supra; Allen v. Suydam, supra.*

The judgment of the trial court in sustaining the demurrer to the evidence is, accordingly, reversed, and the cause remanded, with instructions to grant a new trial.

All the Justices concur.