## ST. LOUIS CARBONATING & MFG. CO. v. LOOKEBA STATE BANK.

No. 6083—Opinion Filed April 25. 1916.
Rehearing Denied June 6, 1916.
(157 Pac. 1046.)

1. **Appeal and Error—Review—Scope and Extent.**

Where a case is tried before the court, special findings of fact and conclusions of law made, no exceptions taken to either the findings of fact or conclusions of law, and the only error assigned is that upon the facts found the court erred in its conclusions of law, this court is limited in its inquiry to whether, based upon the facts found, the conclusions of law were correct.

2. **Same—Record—Evidence.**

Where the case is tried before the court and findings of fact and conclusions of law made, in order to have the conclusions of law only reviewed here. it is unnecessary to preserve the evidence in the record.

3. **Carriers — Carriage of Goods — Special Contract—Bill of Lading.**

A. sold certain goods to B. to be paid for in part cash and balance in notes, and upon consigning the goods sent the bill of lading to bank with directions to deliver same to B. upon B.'s making the cash payment and executing the said notes. Upon receipt of bill of lading, bank delivered same to B. without collecting the draft or having B. execute the

notes for the deferred payments. Held: (a) Bank is liable to A. for the loss incurred and where B. proffered to A. a sum less than the amount due in settlement of the claim and the same refused. that A.'s claim against the bank was not lessened by the amount tendered. (b) If B. had a valid claim against A. for damage to the articles shipped. the bank's liability to A. was lessened by the amount of such claim. (c) Although B. may be found to be solvent, yet A. has the legal right to look to bank alone for his damage.

(Syllabus by Mathews, C.)

Error from County Court, Caddo County; C. Ross Hume, Judge.

Action by the St. Louis Carbonating & Manufacturing Company against the Lookeba State Bank. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

R. U. Livesay and Theo. Pruett, for plaintiff in error.

Louie E. McKnight, for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This cause has been before this court once before and is reported in 35 Okla. 434. 130 Pac. 280, where a complete statement of the pleadings will be found. Upon a retrial of the case judgment was again for the defendant, and plaintiff again appeals.

The evidence introduced at the trial has not been preserved in the record, and the case-made contains only the pleadings, motions. findings of fact, and conclusions of law and judgment. The cause was tried to the court, who made the following findings:

"The court finds that this case is now before the court by reason of a reversal of the former judgment of this court as found in 35 Okla. 434, 130 Pac. 280, and a mandate on file ordering a vacation of said judgment, and granting a new trial.

"Second. That there is a reasonable probability that the collection would have resulted. had the notes and mortgages been executed and with the net proceeds of the draft, been delivered to plaintiff.

"Third. That Wade & Hadley, the consignees, were at all times solvent. and that the plaintiff could have procured the amount of their claim by suit against them.

"Fourth. That plaintiff's evidence discloses that Wade & Hadley, by their attorney, McFadyen, offered to pay $200 to plaintiff in settlement of the $270 claim. and were solvent and able to pay at the time of the offer.

"In answer to interrogatories submitted by plaintiff, the court finds as follows:

"Fifth. Did the defendant bank disregard instructions of plaintiff, and deliver the bill of lading to Wade & Hadley. without collect-

ing the draft and having the twenty $10 notes and mortgages signed by Wade & Hadley? Answer: Yes.

"Sixth. Did Wade & Hadley lawfully rescind the contract of purchase of soda fountain and fixtures? Answer: No.

"Seventh. What amount in damages could Wade & Hadley have recouped against the plaintiff herein for alleged breach of contract of purchase and for failure of the goods to be as called for in contract of purchase if the court finds there was any breach of contract of purchase? Answer: Not to exceed $20.

"The court makes the following conclusions of law:

"First. The defendant is liable for negligence, and the actual loss is prima facie the amount of the plaintiff's claim, and the burden is on the defendant to show that the damage is less than the full amount sued for.

"Second. That the acts of Wade & Hadley did not constitute a rescission in law of the contract entered into between them and the plaintiff herein.

"Third. The damage sustained by plaintiff is less than the full amount of plaintiff's claim due to the following causes: (a) Plaintiff has shown that it had the opportunity to accept $180 additional from Wade & Hadley in settlement of the claim, and its refusal to do so, lessened its damage by that amount. (b) Defendant has shown that there was some damage to the articles shipped, which the court finds was $20, and the damage is further lessened by this amount. (c) Defendant has shown that Wade & Hadley were solvent and the collection could have been made from them.

"For the reasons above set out, the plaintiff has not been damaged in any amount. It is ordered and adjudged that the plaintiff take nothing by this action, and that the defendant recover of and from the plaintiff the costs of this action taxed at $85.70, to which judgment the plaintiff excepts and exception is allowed.

"[Seal.]     C. ROSS HUME, County Judge."

No exceptions were reserved to either the findings of fact or conclusions of law, but plaintiff filed a motion for a new trial therein assigning that the decision and judgment of the court is contrary to law. There being no exceptions saved to the finding of facts, there is nothing before us to review except the record proper. The findings of fact stand therefore as conclusive, or as an agreed case, and it is for us to inquire only whether the conclusions of law, upon the findings of fact, were correctly pronounced.

It seems to be the rule in most of the states that in order to raise the question on appeal, it is necessary to save exceptions to the conclusions of law based upon the findings of facts (8 Standard Enc. of Procedure, 1084), but it has been held to the contrary in this state (Stanard v. Sampson, 23 Okla. 13, 99 Pac. 796), following the rule laid down in Kansas and Missouri (Oakland Home Ins. Co. v. Allen, 1 Kan. App. 108, 40 Pac. 928; Holcomb v. Dowell, 15 Kan. 378; Engstrom v. Tyler, 46 Kan. 317, 26 Pac. 735; McKinstry v. Carter, 48 Kan. 428, 29 Pac. 597; Board of Comm. of Wyandotte County v. Arnold, 49 Kan. 279, 30 Pac. 486; Blount v. Spratt, 113 Mo. 48, 20 S. W. 967).

The theory upon which one is permitted to attack the conclusions of law in such cases on appeal, without having saved exceptions thereto in the trial court, is that it is an error appearing on the face of the record. Gourley v. Williams, 46 Okla. 629, 149 Pac. 229.

Therefore the only question presented is plaintiff's contention "that the conclusions of law are not the law of the case on the facts found," and to consider this question it is not necessary that the record contain the evidence presented at the trial. Katterhagen v. Meister et al., 75 Wash. 112, 134 Pac. 673; Richardson v. Shelby, 3 Okla. 68, 41 Pac. 378.

Plaintiff only complains of the conclusion of law set out in (a), (b), and (c), under the third head of law conclusion, supra. It appears from the finding of fact that the original claim of plaintiff against the defendant was for $270, and in (a), supra, the court finds that Wade & Hadley had offered to pay plaintiff $180 in settlement of the said $270 claim, and by reason of its refusal to accept the same, the court therefrom concludes that the damages it could legally exact from defendant were reduced by that amount. This was error. If the plaintiff had a valid claim of $270 against the defendant by reason of its negligently delivering a bill of lading to the said Wade & Hadley, we are unable to see how its refusal to accept $180 from Wade & Hadley, in settlement of the same in full, could jeopardize its legal claim against defendant or reduce the same in any amount. If plaintiff was able to substantiate the full amount of its claim, the defendant, or Wade & Hadley, had no legal right to compel an acceptance of a less amount in settlement, and most certainly if it had accepted the amount proffered by Wade & Hadley in settlement of its claim it would have been precluded from legally urging any further claim against defendant.

In (b), supra, the court found that the articles shipped to Wade & Hadley were damaged in the sum of $20, and concluded therefrom that plaintiff's damage was lessened by that amount. Plaintiff contends that this

damage to the said articles was incurred in transit, and that the railroad over which the same were consigned was responsible for the said damage. This contention may be true, but we have none of the evidence before us, and therefore must treat the finding of the court thereon as an accepted fact, and it follows that the court's conclusion of law thereon is correct, and that plaintiff was entitled to collect from defendant only the amount Wade & Hadley would have been due plaintiff if defendant had carried out the instructions of plaintiff.

In (c), the court finds that Wade & Hadley were solvent, and concludes therefrom that the claim of plaintiff should be collected from Wade & Hadley. This exact question was before the court when this case was here upon appeal the first time and was decided adversely to the trial court's conclusion. In the second finding of fact, supra, the court found that there was a reasonable probability that the collection would have resulted had the notes and mortgages been executed, and, with the net proceeds of the draft, been delivered to plaintiff. After the preliminary proof, nothing further than this was required of plaintiff in order to make out its case, and it was entitled to judgment upon such a showing, unless defendant proved that there was no damage, or that the damage was less than the full amount of the claim, or that the damage was only nominal, but it does not suffice to merely show that the consignees were solvent. For authorities, see former opinion 35 Okla. 434, 130 Pac. 280; Gulf C. & S. F. Ry. Co. et al. v. North Texas Grain Co. et al., 32 Tex. Civ. App. 93, 74 S. W. 567.

For the reason that the findings of fact are not full enough to warrant us in directing a verdict, it is necessary that the case be reversed and remanded for a new trial, and we so recommend.

By the Court: It is so ordered.