THE MARINE BANK OF CHICAGO, Respondent, *v.* JOB WRIGHT
et al., Appellants.

Where the consignor of property, upon its shipment and before delivery, draws a bill of exchange upon the consignee, and procures the same to be discounted at a bank upon the security of the bill of lading, which is transferred and delivered with it, the bank acquires title to the property described in the bill of lading, conditional upon the acceptance of the draft; upon such acceptance the title passes to the acceptor; but upon refusal to accept, the title continues unimpaired, and upon the receipt by the consignee of the property, and its conversion, he is liable to the bank for the money advanced upon it.

Where the consignor is indebted to the consignee for advances, and has agreed to give him a prior security upon the property, the lien of the latter is good as against the former; but the consignee does not thereby obtain any right to the property, as against a *bona fide* pledge of the bill of lading for value, made prior to the delivery of the property to the consignee.

(Argued May 11, 1871; decided September term, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 46 Barb., 45.)

The action was to recover the value of a cargo of corn

SICKELS—VOL. III.     1

shipped from Chicago to Buffalo, and thence to New York by one Viets, consigned to defendants.

On the 17th day of November, 1859, at Chicago, H. Viets made his bill of exchange for $3,500 at sight, directed to the defendants in New York. On that day the plaintiff discounted the bill for Viets for value. At the same time, and as security for the payment of the bill, Viets transferred and delivered to the plaintiff the bill of lading of a cargo of corn shipped on board the "Lummis," consigned to the defendants. The defendants received the corn, but refused to pay the bill, they having notice of the transfer to the plaintiff before receiving the corn. The defendants claimed to hold the corn for a general balance due them from Viets, and also that a draft for $1,220 paid by them for Viets, should be deducted from the amount of the recovery. The plaintiff recovered judgment at the circuit for the amount of the draft with interest, which upon appeal was affirmed by the General Term of the first district.

*Thomas D. Hall* for the appellants.

*James Emott* for the respondent. The transfer of the bill of lading for value will prevail against the factor or consignee's lien for a general balance of account. (*Bank of Rochester* v. *Jones*, 4 Comst., 497; *Conrad* v. *Atlantic Ins. Co.*, 1 Peters, 444; *Allen* v. *Williams*, 12 Pick., 297.) When defendants received the corn they took it subject to the existing rights of the plaintiff. (*Barry* v. *Longmore*, 12 A. & E., 639.)

HUNT, C. The facts, as found by the referee, having been affirmed by the General Term, are conclusive upon this appellate court. Such facts, with such assumptions and inferences as may be necessary to sustain the report, and not inconsistent therewith, are to be taken by us as the facts upon which the decision is to be made. In this view, nearly the entire argument of the appellants' counsel fails of its application. It

would have been pertinent and forcible before the referee, whose duty it was to determine the facts. It would have been quite appropriate before the General Term, where the right to review the facts existed. In this court, the facts are few and do not present the points argued. Viets made his draft on the defendants for $3,500 and presented it to the plaintiff for discount, with the bill of lading as security. The plaintiff advanced the money on the draft, and immediately transmitted it, with the bill of lading annexed, for the acceptance of the defendants. It was promptly presented to the defendants in that form. That the defendants happened to be absent from their office, and that their clerk failed to inform them that the bill of lading was annexed to the draft, was their misfortune. The fact, however, of legal notice that the draft and the bill of lading were thus connected together, that the one was security for the other, was thus clearly brought home to the defendants.

The transfer of the bill of lading to the plaintiff, under the circumstances stated, transferred also the title to the corn described in it. The transfer was conditional and limited, to wit, to provide for, and until the acceptance of the draft. The title would then pass to the acceptors as their security, and the plaintiff's security would be transferred to the personal liability of the defendants as acceptors. The defendants having refused to accept the draft, the title of the plaintiff to the corn continued unimpaired. (*Bank of Rochester* v. *Jones,* 4 Com., 497; 2 Kent's Com., 207; Par. Mer. Law, 346; *City Bank* v. *Rome, W. & O. R. R. Co.,* decided December, 1870.)

The defendants received the corn, subject to the rights of the plaintiff, and, having applied it to their own use, are liable to the plaintiff for the money advanced upon it. (*Barry* v. *Longmore,* 12 Ad. & E., 639.)

Under the principle stated, no allowance can be here made to the defendants for the $1,220 draft. The referee does not find that it was accepted on account of the corn shipped by the "Lummis." We cannot assume that it was. Indeed, the

evidence is quite strong to the contrary, that draft being made on the 8th of November, and this corn not being shipped until the 17th of the same month.

As the case comes before us, the judgment must be affirmed with costs.

LEONARD, C. The money of the plaintiff was loaned on the security of the bill of lading which was attached to and delivered with the bill of exchange drawn by Viets upon the defendants. The referee has so found the fact.

The evidence tending to establish the fact was contradictory, the cashier testifying to facts favorable to the plaintiff's claim in that respect, and H. Viets to the contrary effect for the defendants. The fact, as found, must be accepted by this court.

The money was used by Viets in the purchase of corn in the ear, which was shelled at Chicago and shipped by him to the defendants at New York. If the corn was purchased for the defendants, and they were in fact its owners, and Viets was their agent in purchasing, then the money was, in effect, borrowed and used by their agent for their account, and they are liable for it, as they would be to the seller for the corn purchased.

If Viets was the owner, and the effect of the agreement between him and the defendants for the shipment of the corn purchased was to enable them to realize their advances to Viets and commissions, then clearly the title was in him, and he had the most perfect power to pledge the bill of lading, which carried the title to the corn in question as security for the plaintiff's loan.

The purchase of corn by Viets for his own account, although made under an agreement with defendants that they would advance for its purchase, and that it should be shipped to them for sale at New York, from the proceeds of which their advances were to be repaid, would give the defendants no valid security for their advances upon the corn, as against a *bona fide* pledge for value of the bill of lading given on its ship-

ment at Chicago, and before the corn came to the possession of the defendants, or while it was in the possession of Viets. The whole of it results in this: Viets agreed to give the defendants security upon the corn which he was to purchase, prior to any other claim. He failed to keep his agreement with them. The defendants trusted him, and he, for some reason, broke his agreement. The defendants' lien was good as against him. The defendants do not thereby obtain any legal or equitable right to the corn, against a *bona fide* pledge of that or the bill of lading for it, made for value, while Viets had the corn in his possession. The defendants must look to Viets for their damages, but cannot hold the corn as against such pledge. If the referee had found the facts as claimed by the defendants, no valid defence against the right of the plaintiffs to hold the corn, or its proceeds, under the bill of lading, would have been established.

As to the advance of $1,220: The evidence did not indisputably prove that it was made for the freight and charges on this particular corn, nor that it was so applied. But if it were so, their equity would not stand against the pledge of the evidence of title to the corn for value. The defendants took no security against the corn. They relied on the promises of Viets alone. He has disappointed them, and they can look to him, and to the corn as against him, but not to the corn as against the pledge of the bill of lading for value. These principles are fully sustained by the cases of *The Bank of Rochester* v. *Jones* (4 Comst., 497), and *Allen* v. *Williams* (12 Pick., 297).

The judgment should be affirmed.

All concur.

Judgment affirmed.