DODGE *et al.*, appellants, v. JOHNSON *et al.*

*Sale and delivery — title — Replevin — demand before action.*

Defendants, by letter, ordered goods from M. M. shipped the goods, at the same time sending a bill in which he stated he would draw for the price on defendants at sixty days. Afterward he transferred to plaintiffs the bill of lading of the goods, as security for a draft for the price, on defendants, which plaintiffs discounted. Plaintiffs presented the draft to defendants for acceptance, and upon their refusal to accept brought an action for the conversion of the goods. *Held*, that the defendants received the goods subject to the right of M. to draw on them at sixty days, and they were bound to accept the draft of M., and refusing to do so their title to the goods ceased, and plaintiffs became entitled to demand and receive the goods.

*Held*, also, that it not appearing that defendants had sold or disposed of the goods, a demand was necessary before action.

APPEAL from a judgment for defendants at the circuit, upon a trial by the court without a jury.

The action was brought for the alleged conversion of certain goods, wares and merchandise sold to the defendants, James Johnson and Joseph N. Page, by one J. F. Manchester, upon a letter or order directing said goods to be sent to them at their residence at Syracuse, from Boonville, Oneida county.

The goods were sent by railroad and duly received. At the time

of sending them Manchester sent a letter with the invoice to defendants notifying them that he should draw on them at sixty days for the purchase price. Manchester took a railroad receipt or bill of lading for the goods as delivered to the railroad company, which he transferred to the plaintiffs, Clark Dodge and Joseph R. Tharratt, as security for a draft on the defendants for the price of the goods at sixty days, which draft was discounted for Manchester by the plaintiffs, who are bankers at Boonville. The goods were delivered at the railroad freight office September 27, 1872. The draft was dated the same day and was payable to the plaintiffs' cashier, or order, and was sent for acceptance by them and acceptance refused.

The action was brought to recover the goods, as upon a conversion of them by the defendants.

The case was tried at the circuit in Onondaga and the complaint dismissed, and judgment entered accordingly, from which the plaintiffs appeal.

*Bentley & Hayes*, for appellants, cited Ang. on Carriers, § 498; 2 Kent's Com. 489; *Jones* v. *Bradner*, 10 Barb. 193; *Krueder* v. *Ellison*, 47 N. Y. 36; *Thompson* v. *Fargo*, 49 id. 188; *Bailey* v. *H. R. R. R. Co.*, id. 70; *Bank of Rochester* v. *Jones*, 4 id. 497; *Marine Bank of Chicago* v. *Wright*, 48 id.; *City Bank* v. *R. W. & O. R. R. Co.*, 44 id. 136; *Cayuga County Bank* v. *Daniels*, cited in 49 id. 77.

*Chamberlain & Knapp*, for respondents, cited *Olyphant* v. *Baker*, 5 Denio, 379; *Waldron* v. *Romaine*, 22 N. Y. 368; *Grosvenor* v. *Phillips*, 2 Hill, 147; *Haille* v. *Smith*, 1 Bos. & Pul. 563; *Baker* v. *Bourcicault*, 1 Daly, 23; *Krueder* v. *Ellison, supra*; *Bank of Rochester* v. *Jones, supra*; *Bailey* v. *H. R. R. R. Co., supra*; *Bush* v. *Lathrop*, 22 N. Y. 535; *Western Bank* v. *Sherwood*, 29 Barb. 383; *Reeves* v. *Kimball*, 40 N. Y. 311; *Stevens* v. *Hyde*, 32 Barb. 171.

E. DARWIN SMITH, J. Assuming, which is all that the defendants can claim, that as between Manchester and themselves the title to the goods did vest in them on their delivery to the carrier by force of the bill of lading and such delivery — such title only vested *sub modo*. The sending of the invoice with notice of the shipment to the defendants on the same day imply that it was the purpose and

intent of Manchester to fill their order for the purchasers of said goods, and to deliver the same to them for that purpose. But as the price was not paid and he retained the bill of lading in his own hands, such delivery must be considered as conditional and made subject to all the rights of Manchester in respect to the purchase-money. By the terms of the invoice he apprised the defendant that he should draw on them for the price of the goods at sixty days. No time for payment having been otherwise fixed between the parties, the defendants were liable to be called on for payment on delivery.

The time thus given by Manchester for payment was therefore more favorable to the defendants than payment by draft at sight, and must be regarded as the terms of the sale.

The defendants, therefore, must be deemed, I think, to have received these goods subject to the right- of Manchester to draw on them for payment of the price at sixty days, and were primarily bound to accept such draft and pay accordingly as between the parties, by the terms of the sale, to consummate such sale.

The transfer of the bill of lading to the plaintiffs with the defendants' order for the goods, and the invoice or bill of the same as security for a draft for the amount of the purchase-money then discounted at the plaintiffs' bank, passed to and vested in the plaintiffs all the rights of Manchester to receive such purchase-money, and all contingent rights of action in respect thereto, and to the property represented by such bill of lading. 2 Redf. on Railw. 164, § 187.

It is quite clear, I think, as Judge CHURCH said in *Bailey* v. *H. R. R. R. Co.*, 49 N. Y. 77, in respect to the case of *Cayuga Co. Bank* v. *Donnelly* (there referred to and not yet reported), "that the consignor did not deliver the property to the carrier with intention to vest the title in the defendants, except upon the condition of paying the draft discounted by plaintiff, and that the bill of lading was delivered upon that condition, and that, on the refusal of the defendants to comply with the conditions, they acquired no right or title to the property."

This view of the rights and duties of the consignee of goods, delivered and received under circumstances like those referred to in the opinion of Judge CHURCH, applies perfectly to this case. The case of *Marine Bank of Chicago* v. *Wright*, 48 N. Y. 1, is also to the same point, and quite conclusively settles, I think, the rights of the parties in this action, to the effect that the defendants were bound

Dodge v. Johnson.

to accept the draft of Manchester in favor of the plaintiffs and pay the same to complete the sale, and that, upon their refusal to accept such draft, their title to the goods absolutely ceased and terminated, and the plaintiff became entitled to demand and receive such property. The defendants had no higher rights in respect to such goods, I conceive, than they would have had if such goods had been purchased for cash, and the vendees had refused to pay for them on delivery as against the plaintiffs.

The only question that remains is, whether the plaintiff is entitled to maintain the action without proving a conversion of said goods.

The defendants' possession was lawful and not tortious. There cannot be a recovery, we think, against them as for a conversion of this property without proving a conversion in fact, by proving the sale or disposition of the goods, or by a demand and refusal to deliver the same to the plaintiffs. Such conversion is alleged in the complaint but was not proved. All the evidence on the subject is contained in the admission, in the stipulation in the case, that the defendants have sold the goods. This stipulation is dated March 3, 1873.

The property was sold to the defendants on the 27th September, 1872, and shipped to them at Boonville the next day, and was duly received by them at Syracuse as the stipulation states. This stipulation, we think, must be construed as an admission that the goods had been sold at the time of the trial, but not before the commencement of the action, and particularly as the conversion of them was denied in the answer.

Upon this ground we think the plaintiff failed to make out a cause of action, and the complaint was properly dismissed.

The judgment must therefore be affirmed.

GILBERT, J., concurred.

MULLIN, P. J., concurred on the ground only of want of demand.

*Judgment affirmed.*