GREENWOOD GROCERY CO. v. CANADIAN COUNTY MILL AND ELEVATOR CO.

1. ATTACHMENT—JURISDICTION.—The general rule that an attachment will not be dissolved on the ground that the defendant has no title to the property, or that it is the property of the plaintiff, does not apply where property of a non-resident is attached to acquire jurisdiction.

2. SALE—TENDER—BILL OF LADING.—That a seller shipping goods to buyer on bill of lading providing for delivery to consignee with draft attached forwarded for collection before delivery of bill of lading is *prima facie* evidence that he reserves the title and right to the possession of the goods until payment of the draft, and tender of amount less than called for by draft, claimed by buyer to be price of goods, does not entitle buyer to right of possession.

*Mirabita* v. *Imperial Ottoman Bank,* 3 Ex. Div., 164, *distinguished from this.*

Before GARY, J., Greenwood, November, 1904.   Affirmed.

Action by Greenwood Grocery Co. against Canadian County Mill and Elevator Co.   From order refusing to dissolve attachment, defendant appeals.

*Messrs. W. K. Blake* and *Caldwell & Giles,* for appellant, cite: *Title is in plaintiff:* 2 Kent Com., 492; 43 Ark., 353; 7 Queen's Bench, 310; Add. on Con., secs. 569, 571, 572, 573; 15 Am. R., 112, 92; 11 Am. R., 85.   *Right of stoppage in transitu does not affect it:* 7 T. R., 436; 44 N. Y., 661. *Rules of interpretation of vendor's purpose:* Benj. on Sales, sec. 399; 6 S. & G., 429; 33 Md., 344.

*Messrs. Sheppards, Grier & Park,* contra, cite: *Does the complaint show that title to the property was in plaintiff:* 2 Strob. Eq., 370; 45 S. C., 391; 60 S. C., 109; 61 S. C., 547; Drake on Attach., sec. 417; 17 S. C., 122; Tiffany on Sales, 104-5; 37 S. E., 122; 23 S. C., 340; 25 S. C., 227; 4 S. C., 387; 42 L. R. A., 358; 102 Mass., 291; 48 N. Y., 1; 89 Pa. St., 155; 175 Mass., 219, 224; 25 L. Ed. (U. S.), 893; 2 Dan. on Neg. Inst., 3 ed., sec. 1734; Benj. on Sales, 2 ed., sec. 399.

October 17, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The complaint in this cause is to recover damages for breach of a contract to deliver a carload of flour to the plaintiff.   The defendant being a foreign

corporation, an attachment was issued to obtain jurisdiction and under the warrant the flour was seized in the hands of the railroad company at Greenwood, S. C. The defendant moved to dissolve the attachment on the ground that it appeared from the complaint and the affidavit the flour was the property of the plaintiff and not of the defendant, and hence the Court was without jurisdiction. The motion was refused and defendant appeals.

The essential facts stated in the complaint and the affidavit are as follows: The defendant, Canadian County Mill and Elevator Company, a corporation resident in El Reno, Oklahoma, contracted to sell and deliver to plaintiff, Greenwood Grocery Company, at Greenwood, in this State, two hundred and fifty barrels of flour at $4.50 per barrel. The defendant consigned to the plaintiff the flour, and sent draft on plaintiff, with bill of lading attached, to the Bank of Greenwood, but the draft required payment for the flour at $5.50 per barrel instead of $4.50, the contract price. Plaintiff tendered to the bank the contract price and demanded the bill of lading, but the bank refused to accept less than the full amount of defendant's draft, and, upon plaintiff's refusal to pay more than the contract price, withheld the bill of lading. Thereupon the plaintiff brought this action for damages, attaching the flour in the hands of the railroad company.

The defendant's position is that when the flour was delivered to the carrier consigned to the plaintiff, it ceased to be the property of the defendant, and became the property of the plaintiff, subject only to the right of stoppage *in transitu,* and that, therefore, the attachment must fall.

The general rule is that an attachment will not be dissolved on the ground that the defendant has no title to the property, or that it is the property of the plaintiff. The defendant's lack of interest in the property would affect the title of the purchaser under the attachment, but not the validity of the process. Drake on Attachments, sec. 417. As said in *Metts* v. *Insurance Company,* 17 S. C., 120, 123, "the attachment is based on facts disconnected with the

property, and it must stand or fall upon these facts." But
it is manifest this reasoning does not apply where the Court
obtains jurisdiction of a non-resident by virtue of the attach-
ment of his or its property in the State. In such case, the
jurisdiction and the validity of the attachment depend upon
the defendant having property in the State, and if this fact
does not appear it is fatal. 4 Cyc., 775. In this case the
flour is the property in this State alleged to belong to defend-
ant, and if the title to that has passed from the defendant to
the plaintiff, the attachment should be dissolved.

The sole question, therefore, is whether by drawing on the
plaintiff with the bill of lading attached to the draft and
refusing to deliver the bill of lading without payment of the
draft, the defendant retained title and right of pos-
session of the property. The effect of a bill of lading
issued by the carrier, who is a third party, on the
title to the property as between the consignor and consignee
is a question of fact depending not only on the terms of the
paper itself, but on the intention of the parties as expressed
by their dealings with each other. 1 Benjamin on Sales,
secs. 568, 579-580; *Emery* v. *Irving National Bank,* 18 Am.
Rep., 299 (Ohio); 24 A. & E. Ency. Law, 1066; *Hobart* v.
*Littlefield,* 13 R. I., 341; *Merchants' National Bank* v.
*Bangs,* 102 Mass., 291; *Kentucky Refining Co.* v. *Globe
Refining Co.,* 42 L. R. A., 353; *Chandler* v. *Sprague,* 38
Am. Dec., 418, note; 23 Eng. Rul. Cases, 383, note.

The fact that a bill of lading is taken making the goods
deliverable to the order of the vendor, who is himself the
consignor, is very strong *prima facie* evidence that the
vendor in delivering the goods to the carrier intended to
reserve the title until payment of the purchase money, and
when a draft for the price is drawn on the purchaser with
such bill of lading attached, the title does not ordinarily pass
to him until the draft is paid. *Bank* v. *Rowan,* 23 S. C.,
339; 1 Benjamin on Sales, sec. 567; Porter on Bills of
Lading, sec. 482; *Dows* v. *National Exchange Bank,* 91 U.
S., 618, 23 L. Ed., 214; *Kentucky Refining Co.* v. *Globe Re-*

fining Co., 42 L. R. A., 353 ; *Hopkins* v. *Cowen,* 47 L. R. A., 124 ; *Emery* v. *Irving National Bank,* 18 Am. Rep., 299 ; *National Bank* v. *Crocker,* 111 Mass., 167 ; *Bank* v. *Cummings,* 24 Am. St. Rep., 618 ; *Farmers' & Merchants' National Bank* v. *Logan,* 74 N. Y., 568 ; *Lanfear* v. *Blossom,* 45 Am. Dec., 76 ; *Stollenwerck* v. *Thacher,* 115 Mass., 224 ; *Erwin* v. *Harris,* 87 Ga., 333, 13 S. E., 513. But this presumption may be rebutted by other circumstances and previous dealing of the parties evidencing a different intention. Porter on Bills of Lading, sec. 485.

In this case, however, it seems by the terms of the bill of lading the goods were deliverable to the consignee. The presumption, therefore, was that the consignor intended the title to pass. *Emery* v. *Irving National Bank,* 18 Am. Rep., 299 ; 1 Benjamin on Sales, sec. 586. If, therefore, the railroad company had delivered the goods to the consignee without the surrender of the bill of lading and without notice of any reservation of title and possession, it would not be liable to the consignor, though he actually intended to reserve the title and possession until payment of his draft for the price. *Na Bank* v. *Ry. Co.,* 25 S. C., 224.

As between the vendor and purchaser the authorities leave no room to doubt, however, that even if the bill of lading provides for delivery to the consignee, yet if the consignor draws for the price attaching the bill of lading to the draft, this is sufficient evidence of his intention to reserve the title and right of possession until the draft is paid, and the consignee is not entitled to the goods until payment. *Emery* v. *Irving National Bank,* 18 Am. Rep., 299 ; *Chandler* v. *Sprague,* 38 Am. Dec., note at page 419 ; *Bank of Rochester* v. *Jones,* 55 Am. Dec., 290 ; *Cayuga County National Bank* v. *Daniels,* 47 N. Y., 631 ; *Marine Bank* v. *Wright,* 48 N. Y., 1 ; *Halsey* v. *Warden,* 25 Kan., 128 ; *First National Bank of Green Bay* v. *Dearborn,* 15 Am. Rep., 92. That the intention of the shipper as evidenced by his action in respect to the bill of lading is controlling, is supported by the elaborate opinions in *Shepherd* v. *Harrison,* 23 E. Rul. Cases, 349,

especially the opinions of Kelly, C. B., and Lord Chelmsford.

Here, according to the statement of the complaint, and the affidavit, not only did the defendant, the consignor, express its intention to reserve the *jus disponendi* by presenting through a bank the draft with the bill of lading attached, but the plaintiff expressed this to be also its understanding of the contract by offering to pay the price, as it claimed it to be, as a condition precedent to acquiring possession of the bill of lading, and through it of the flour.

It is argued, however, that according to the complaint, which must be taken as true, the plaintiff tendered the real price agreed upon, and that by such tender he became entitled to the flour without respect to the amount of the draft. This argument is not without force, but it is not convincing nor is it sustained by authority. Even the important case of *Mirabita* v. *Imperial Ottoman Bank,* 3 Ex. Div., 164, cannot fairly be said to go to the extent of holding the buyer entitled to recover possession upon tender of any amount less than the draft. The question whether the right to possession would pass to the vendee upon tender of less than the amount called for by the draft if the less amount tendered be the true amount of the purchase money, did not arise and was not decided. There the draft for the purchase money with the bill of lading attached had been sent to the defendant bank, with instructions to deliver the bill of lading upon payment of the draft. The plaintiff tendered the *full amount of the draft* and demanded the bill of lading. The bank refused to deliver it, claiming it had incurred freight charges which must also be paid, whereas it had done nothing to make itself liable for freight. The case was, therefore, one in which it appeared the defendant bank on its own responsibility had refused to accept the full amount claimed by the vendor as expressed in the draft, upon payment of which the bill of lading was to be delivered to the vendee. Under these facts the bank was held liable to the vendee. Lord Justice Cotton uses the following language: "So, if the vendor deals with or claims to retain the bill of lading in order to secure the

contract price, as when he sends forward the bill of lading with a bill of exchange attached, with directions that the bill of lading is not to be delivered to the purchaser till acceptance or payment of the bill of exchange, the appropriation is not absolute, but until acceptance of the draft, or payment. or tender of the price, is conditional only, and until such acceptance, or payment, or tender, the property in the goods does not pass to the purchaser; and so it was decided in *Turner* v. *Trustees of Liverpool Docks,* 6 Ex., 543; 20 L. J. (Ex.), 393; *Shepherd* v. *Harrison,* Law Rep., 4 Q. B., 196; *Ogg* v. *Shuter,* 1 C. P. D., 47. But if the bill of lading has been dealt with only to secure the contract price, there is neither principle nor authority for holding that in such case the goods shipped for the purpose of completing the contract do not on payment or tender by the purchaser of the contract price vest in him. When this occurs there is a performance of the condition subject to which the appropriation was made, and everything which, according to the intention of the parties, is necessary to transfer the property is done; and, in my opinion, under such circumstances, the property does on payment or tender of the price pass to the purchaser." From the context and the facts of the case, as hereinbefore stated, it is, we think, manifest that the Court is referring to payment or tender of the price as expressed in the draft accompanying the bill of lading, and not some price which the vendee contends to be the true one, different from that expressed in the draft, upon payment of which the bill of lading was to be delivered. The defendant's argument on this point leaves out of view the principle that as between plaintiff and defendant in the circumstances here appearing the flour was shipped on condition that the draft— not the amount claimed by the plaintiff as the true price— should be paid by the plaintiff before it should have the flour. Until the draft is paid or there is tender of the amount it calls for, the contract is executory, and while in some exceptional cases an executory contract for the sale of chattels may be enforced by an action for specific performance, the rule is

that a buyer's action of claim and delivery to recover possession can be founded only on an executed contract of sale. 2 Benjamin on Sales, sec. 1305.

Even if the draft and bill of lading had been sent to the plaintiff itself under such conditions as exist here, it could not have retained the bill of lading, which was the symbol of the goods, without payment, or at least acceptance, of the draft.  1 Benjamin on Sales, sec. 570; 1 Daniel on Neg. Instruments, secs. 1734, 1734a, 1734b, 1734c; Tiedemann on Commercial Paper, sec. 494; *Bank of Rochester* v. *Jones,* 55 Am. Dec., 290 (N. Y.) ; *Cayuga County National Bank* v. *Daniels,* 47 N. Y., 631; *Marine Bank* v. *Wright,* 48 N. Y., 1.

It requires no argument to show that it is of the utmost importance to commerce that a bill of lading should have full effect as an instrument by which a vendor or shipper may retain his right of possession, *jus disponendi,* using it as a symbol of the property to express his intention as to the conditions upon which the property should be delivered. The courts of this country and of England have with practical unanimity given the bill of lading this force.

But even if the defendant's view were correct, that the tender of the true price as stated by the plaintiff, without respect to the amount required by the draft accompanying the bill of lading, passed to the plaintiff the title and right to possession, the plaintiff would still have his election to sue for the property itself or for damages for breach of the contract in refusing to deliver the goods.  24 A. & E. Ency. Law, 1149-1150.

On the facts as presented in the complaint and the affidavit, the defendant is *prima facie* the owner of the flour.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

THE CHIEF JUSTICE *did not participate in this opinion because of illness.*