[No. 9419.  Department Two.  August 10, 1911.]

SECURITY STATE BANK, *Respondent*, v. O'CONNELL LUMBER COMPANY, *Appellant.*[1]

CARRIERS—BILL OF LADING—DELIVERY — CONDITIONAL DELIVERY — LIABILITY. Where defendant ordered a car load of lumber from C. to be shipped east, and C., being unable to fill the order, ordered the lumber from P., who loaded a car and took out and retained possession of a bill of lading in his own name, naming the eastern customer as consignee, and sent an invoice or bill of the lumber to C., the title of the lumber did not pass to C., who was never in possession of the bill of lading; and where P. delivered the bill of lading to plaintiff, a bank, upon plaintiff's agreement to forward the car and collect and guarantee the bill, and plaintiff sent the bill of lading to defendant, together with P's invoice to C., assigned by C. to plaintiff, explaining the circumstances and stating that P. left the bill of lading with plaintiff for collection and that

[1]Reported in 117 Pac. 271.

C's instructions were to forward to defendant and pay P. out of defendant's remittance, the defendant, upon retaining the bill and collecting the proceeds on delivery of the lumber, is liable to the plaintiff, who had paid P's bill, in an action on the bill of lading, although defendant notified the plaintiff to look to C.; and defendant's payment to C. is no defense to the action, since C's invoice was not a sale or evidence of a sale, and the title to the lumber remained in P. until he surrendered the bill of lading, and the defendant had notice of P's intention to make delivery of the lumber conditional on payment of its price.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered September 6, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a bill of lading. Affirmed.

*Carey & Kerr* and *Omar C. Spencer*, for appellant.

*Reynolds & Stewart*, for respondent.

CHADWICK, J.—In September, 1909, the defendant, which is engaged in the lumber business at Winlock in this state, contracted with George H. Chamberlain at Chehalis for a carload of lumber, to be shipped to the American Car & Foundry Company at Madison, Illinois. It seems that Chamberlain was unable to fill the order, and he in turn ordered the lumber from one Hamilton Pitcher of Napavine, who loaded a car of lumber and took out a bill of lading in his own name, with the American Car & Foundry Company, Madison, Illinois, named as consignee therein. At the same time, he made out an invoice or bill for the lumber and delivered it to Chamberlain. The bill of lading was never in the possession of Chamberlain. Pitcher then went to the plaintiff and arranged with it to take the bill of lading and forward the car and to guarantee the amount of his bill. This the bank agreed to do, and at the same time, went to Chamberlain and had him indorse upon the invoice or bill which had been rendered the following: "Sold at $31. Assigned to the Security State Bank for value received. Sterling Lumber Company. George H.

Chamberlain." The invoice with its indorsement was then delivered to the bank. During the negotiations of the parties, plaintiff was told that the lumber had been ordered by defendant, and consequently the bill of lading was sent to defendant on the 2d day of October, with the following letter of transmission:

"Chehalis, Wash., Oct. 2, 1909.
"O'Connell Lumber Company,
      "Winlock, Wash.

"Gentlemen: We are enclosing herewith a bill of lading and invoice of shipment made by H. Pitcher for the Sterling Lumber Company on an order which Mr. Chamberlain stated was from you, and as he is sick and not able to be out, he has asked us to forward same to you. Mr. Pitcher left the bill of lading with us for collection from the Sterling Lumber Company, but we thought best to see Mr. Chamberlain and get his instructions, which were to forward the same to you and to pay Pitcher out of your remittance which we are informed is at the rate of $31 per thousand, or $688.63.

"Yours very truly,
                              "W. S. Short."

On the 7th of October defendant informed plaintiff that, in its judgment, the bank would have to look to the Sterling Lumber Company for the amount due on the invoice. At that time or shortly thereafter, defendant informed plaintiff that it had theretofore ordered two cars of lumber from Chamberlain and, on the 13th day of September, 1909, had paid the whole amount due therefor. Defendant retained the bill of lading, and the lumber was in due time delivered to the consignee, and the proceeds of the shipment were remitted to defendant. Some time thereafter the bank paid Pitcher the amount of his bill, and brought this action against defendant to recover on the original bill of lading. From a judgment in favor of the plaintiff, the defendant has appealed.

As will be seen, the controlling question is whether the payment made by the appellant to Chamberlain is a defense to this action. The answer depends upon whether title to the

lumber ever passed from Pitcher to Chamberlain. It is con-
tended that this fact is shown by the letter which we have here-
tofore quoted, in which it is stated that, "Mr. Pitcher left
a bill of lading with us for collection from the Sterling Lum-
ber Company," and by the fact that the bank took an as-
signment of the invoice from Chamberlain, and that the as-
signment recites a sale. While there may be room for argu-
ment, and, indeed, respondent has invited it by some conflict-
ing allegations in its several pleadings, we nevertheless be-
lieve that the judgment of the trial court is sustained by the
evidence. The fact that Pitcher refused to deliver the bill
of lading to Chamberlain until his bill was paid or secured,
notice of which fact was brought home to the appellant when
the respondent transmitted the bill of lading, would seem con-
trolling. An invoice was made out, and although the parties
speak of a sale, the word cannot be taken in its technical
sense so long as the conduct of the parties indicates that the
sale was not absolute.

"An invoice is not a bill of sale, nor is it evidence of a sale.
It is a mere detailed statement of the nature, quantity, and
cost or price of the things invoiced; . . . Hence, standing
alone, it is never regarded as evidence of title." *Dows v.
National Exchange Bank*, 91 U. S. 618.

When property designed for sale is loaded onto a car by a
vendor, and he takes the bill of lading in his own name, a sale
or delivery will not be presumed; for the bill of lading be-
comes a symbol of property or, as Mr. Benjamin calls it, "a
document of title," and the title will not ordinarily pass until
the bill of lading is surrendered. The retention of a bill of
lading is in itself strong evidence of an intention to keep title
in the holder, and, altough as between the parties, respondent
became a guarantor of the purchase price of the lumber, it
was, so far as appellant is concerned, the agent of the vendor
and is entitled to recover.

The right of a shipper or vendor to retain title is declared

in *Merchants' Nat. Bank v. Bangs*, 102 Mass. 291. It is
there said:

"But the vendor may retain his hold upon the goods to
secure payment of the price, although he puts them in course
of transportation to the place of destination, by delivery to
a carrier. The appropriation which he then makes is said to
be provisional or conditional. He may take the bill of lading
or carrier's receipt, in his own or some agent's name, to be
transferred on payment of the price, by his own or his agent's
indorsement to the purchaser, and in all cases when he mani-
fests an intention to retain this *jus disponendi*, the property
will not pass to the vendee. Practically the difficulty is to
ascertain, when the evidence is meagre or equivocal, what the
real intention of the parties was at the time. It is properly a
question of fact for the jury, under proper instructions, and
must be submitted to them, unless it is plain as matter of law
that the evidence will justify a finding but one way."

See, also, *Farmers & Mechanics' Nat. Bank v. Logan*, 74 N.
Y. 568.

In *Marine Bank of Chicago v. Wright*, 48 N. Y. 1, an
advance had been made by the vendee and it was held that the
shipment could not be held as against a pledgee. The court
said:

"As to the advance of $1,220: The evidence did not in-
disputably prove that it was made for the freight charges
on this particular corn, nor that it was so applied. But if it
were so, their equity would not stand against the pledge of
the evidence of the title to the corn for value."

Therefore, until Pitcher had surrendered the bill of lading,
the title was in him, notwithstanding he had delivered an
invoice of the goods to Chamberlain. *Sears, Roebuck & Co.
v. Martin*, 145 Ala. 663, 39 South. 722. We think the letter
of October 2 indicates the intention of the holder of the bill
of lading to make delivery of the lumber conditional on pay-
ment of its price, as much so as if a draft had been attached;
and so far as the record shows, Pitcher, who is an entire
stranger to appellant in this transaction, had no intention of

surrendering title until he was paid or payment was secured.
*Erwin v. Harris*, 87 Ga. 333, 13 S. E. 513.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., ELLIS, CROW, and MORRIS, JJ., concur.