UNION BUFFALO MILLS CO. v. THESMAR.

(81 S. E. 181.)

Attachment. Motion to Dissolve. Right of Defendant.

Where plaintiff, in an action to recover a debt from defendant, attaches money in the hands of a trust company, defendant, claiming that the money belonged to a bank, has no standing to move to dissolve the attachment.

Before SEASE, J., Union, September, 1913. Appeal dismissed.

Action by the Union Buffalo Mills Company against Alex. Thesmar, doing business under the firm name of Alexander Thesmar & Co. From an order refusing to set aside an attachment, defendant appeals.

1—98.

*Messrs. McCullough, Martin & Blythe,* for appellant, cite: *Defendant may seek to have attachment set aside, for benefit of the bank:* 93 S. C. 41; *which owns the funds attached:* 89 Ga. 108; 14 S. E. 891; 91 Ga. 307; 18 S. E. 188; 93 Ga. 484; 21 S. E. 50; 122 Ga. 67; 49 S. E. 816; 112 Ga. 814; 38 S. E. 105; 87 Ga. 435; 13 S. E. 586; 136 Ga. 372; 71 S. E. 660; 55 N. Y. Supp. 561; 102 N. W. 978; 139 Mich. 392; 70 L. R. A. 615; 30 W. Va. 518; 8 L. R. A. 101; 93 S. C. 30, 41. *Intervention by the bank does not prevent defendant from making this motion:* 72 S. C. 450; 93 S. C. 30; 53 S. C. 110. *Affidavit insufficient:* 93 S. C. 105, 106.

*Messrs. J. Ashby Sawyer* and *William Elliott,* for respondent, cite: *Cases distinguished:* 72 S. C. 450; 93 S. C. 30; 53 S. C. 110; 30 S. E. 830. *Ownership of draft:* 136 Ga. 372; 71 S. E. 660; 72 S. C. 462.

March 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an attachment proceeding. The plaintiff claims that the defendant owes it a debt, to wit, $1,274.78; that the defendant is a nonresident of this State, and that he has property in this State, to wit, $2,973.80 in the hands of Nicholson Bank & Trust Company, of Union, S. C. The plaintiff took out attachment proceedings, and attached $1,500 of this money. The National Bank of Savannah served a formal notice that it is the owner of this fund. The *"defendant* gave notice of a motion before his Honor, Judge T. S. Sease, to dissolve the attachment." The defendant's motion was based upon the claim that the National Bank of Savannah was the owner of the fund and not the defendant. Judge Sease refused to set aside the attachment, and from his order the defendant appealed upon three exceptions. Neither of these exceptions legitimately arise in this case. The initial question is, Can a defendant,

who claims neither possession nor title, move to set aside an attachment? He cannot. *Metts* v. *P. & A. Life Insurance Co.,* 17 S. C. 122. Mr. Drake, the highest authority on attachment proceedings, says that "the defendant debtor cannot move to dismiss an attachment on the ground that the property attached did not belong to him." The question is between the attaching plaintiff and the intervening claimant.

The appeal is dismissed.

MR. JUSTICE GAGE did not sit in in this case.