## 17159

CHARLES R. ALLEN, INC., a South Carolina corporation, Plaintiff-Appellant, v. ISLAND CO-OPERATIVE SERVICES CO-OPERATIVE ASSOCIATION, Limited, a Canadian corporation, Defendant, and THE BANK OF NOVA SCOTIA, Intervening Claimant, Respondents.

(92 S. E. (2d) 851)

314

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Stoney & Crosland,* of Charleston, *for Respondent, Island Co-Operative Services Co-Operative Association, LTD., Believed to be a Canadian Corporation,*

*Messrs. Mitchell & Horlbeck,* of Charleston, *for Claimant-Respondent, Bank of Nova Scotia,*

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant, in reply,*

May 15, 1956.

Oxner, Justice.

This action was brought by Charles R. Allen, Inc., a South Carolina corporation, against Island Co-Operative Services Co-Operative Association, Ltd., a Canadian corporation, to recover damages for breach of contract. The cardinal question involved on this appeal is whether the Court of Common Pleas of Charleston County acquired jurisdiction of the defendant, a foreign corporation. The answer depends upon the ownership of the proceeds of a draft attached as the property of defendant by the Sheriff of Charleston County.

The defendant, which was served by publication, denied that it had any interest in the attached property or any other property in South Carolina and moved to set aside he service of summons for lack of jurisdiction. The Bank of Nova Scotia intervened and claimed that it was an innocent purchaser for value of the draft and alone entitled to the proceeds. On numerous affidavits and exhibits submitted by the parties, the Court below concluded that the Bank of Nova Scotia had title to the draft and was entitled to the proceeds thereof and, accordingly, granted the motion by defendant to set aside and vacate the service of the summons. By appropriate exceptions, plaintiff contends (1) that the question of the ownership of the draft should not have been heard upon affidavits but an issue should have been made up under direction of the Judge to try this question, with the right to take testimony and cross-examine the witnesses; and (2) that if the Court did not err in hearing the matter upon affidavits, the record clearly established that defendant had an interest in the proceeds of the draft which was subject to attachment.

Defendant sold some seed potatoes to the Charleston County Wholesale Vegetable Market, Inc., a South Carolina corporation with its principal place of business at Charleston, and on February 7, 1955, drew a draft on the purchaser for $19,620.00, payable to the order of the Bank of Nova Scotia. This Bank endorsed the draft and forwarded same through its correspondent, the Bank of New York, to the South Carolina National Bank of Charleston for collection. The draft was paid by the drawee on February 14, 1955 and the proceeds thereof immediately attached by the Sheriff of Charleston County. On March 3, 1955, before the time for answering expired, the Bank of Nova Scotia served notice on counsel for plaintiff that it owned the draft and claimed the proceeds thereof in the hands of the South Carolina National Bank. On March 16th, defendant made a special appearance for the sole purpose of objecting to the jurisdiction of the Court and

moved to vacate and set aside the service of the summons upon the ground that it did not own the property attached. On April 14th, plaintiff served notice on counsel for the Bank of Nova Scotia that it denied, and would contest, the Bank's claim to the proceeds of the draft. Within due time plaintiff executed to the Bank the undertaking required by Section 10-929 of the 1952 Code. On June 25, 1955, the attorneys for the Bank of Nova Scotia gave plaintiff's counsel notice of a motion to strike certain affidavits and exhibits attached to plaintiff's notice of April 14th. On October 5th, plaintiff's counsel gave notice to counsel for the Bank of Nova Scotia that they would move for an order framing an issue on the question of whether the Bank of Nova Scotia had any legal or equitable interest in the proceeds of the draft and referring said issue to the Master for the purpose of taking testimony. This notice was also served upon attorneys for defendant on October 6, 1955. On October 14th, the Bank of Nova Scotia gave notice that it would require the plaintiff to increase the undertaking filed under Section 10-929 of the Code.

Defendant's motion to set aside the service of the summons for lack of jurisdiction was heard by Judge Henderson on October 24, 1955, upon affidavits submitted by plaintiff and defendant and also the affidavits submitted by the Bank of Nova Scotia in support of its claim of ownership to the proceeds of the draft. The motion by plaintiff to frame an issue on the claim of the Bank of Nova Scotia and the several motions made by counsel for the Bank were not argued because counsel for defendant requested that its motion be first heard and decided before the other pending motions, as they felt that under the case of *South Carolina State Highway Department v. Isthmian Steamship Co.,* 210 S. C. 408, 43 S. E. (2d) 132, they could not take part in the other motions without losing the benefit of their special appearance. In an order filed on October 29, 1955, Judge Henderson held that the proceeds of the draft belonged to the Bank and vacated and set aside the

attempted service of the summons upon the defendant. Thereafter plaintiff gave notice of a motion before Judge Henderson for a new trial on the ground of after-discovered evidence, and further stated in said notice that at said hearing the plaintiff would "renew its motion that the matter be referred for the taking of testimony regarding the ownership of the proceeds of said draft attached in this action." Attached to said notice was an affidavit setting forth the alleged newly discovered evidence. A return was duly filed by defendant, supported by certain affidavits and exhibits. Among other facts appearing in the affidavits was a statement that the defendant had recently been adjudged a bankrupt. Judge Henderson concluded that the new evidence offered by the plaintiff was not of such force as to change the result and denied the motion for a new trial in an order filed on November 25th. The appeal is here from both the order of October 29th and the order of November 25th.

It is conceded that the attachment was regularly made in accordance with the statutory provisions. Counsel for defendant frankly state in their brief: "The whole question in this case is not as to the validity of the attachment itself as such, but the question is, to whom does the money belong that was attached; who has title and ownership of this money."

At the outset we are confronted with the procedural question as to the manner in which title or ownership should be determined. The procedure to be followed when attached property is claimed by a third party is fixed by Section 10-929 of the 1952 Code as follows:

"If the person in whose possession such property shall be attached shall appear at the return of the writ and file his answer thereto and deny the possession or control of any property belonging to the defendant or claim the money, lands, goods and chattels, debts and books of account as creditor in possession, or in his own right or in the right of some third person, or if any of the property be claimed by any other person than such defendant, then, if the plaintiff

be satisfied therewith, the party in possession shall be dismissed and the plaintiff may pay the cost of his action. But if the plaintiff shall contest the return or the claim of such third person an issue shall be made up under the direction of the judge to try the question, and the party that shall prevail in the issue shall recover the costs of such proceeding of the opposite party, and judgment shall be given accordingly. * * * In case the property is claimed by a third person the plaintiff shall execute to such person the same undertaking that he is now required to give under § 10-908. Such undertaking shall be executed within ten days after notice of such claim."

It will be noted that both plaintiff and the Bank of Nova Scotia complied with the foregoing provisions.

We think this statute clearly contemplates that the issue framed by the Court shall be tried in the ordinary manner by the taking of testimony. The practice has been followed in many cases of submitting any questions of fact to the jury. This was done in *La Fitte v. McNeel Marble Co.,* 88 S. C. 378, 70 S. E. 1013 and *Davis v. W. H. Crozier & Co.,* 121 S. C. 99, 113 S. E. 377. However, we do not undertake to decide whether a jury trial may be had as a matter of right. We need only say that ordinarily it is very unsatisfactory to undertake to determine the title or ownership of property by affidavits and that this mode of trying an issue framed under Section 10-929 cannot be followed without the consent of the parties.

Defendant argues that the foregoing statute has no application to its motion to set aside the service of the summons for lack of jurisdiction and that such a motion may be heard, in the discretion of the court, on affidavits.

It is held in a number of jurisdictions that when the property of a non-resident is attached in a proceeding in full compliance with the law governing the issuance of a warrant of attachment, the defendant cannot, under a special appearance, by motion to discharge the attachment upon the ground of his non-ownership of the property at-

tached, invoke the power of the court to try such fact of ownership of the property attached and to annul the proceedings *in rem* against the property. *Thornley v. Lawbaugh,* 31 N. D. 651, 143 N. W. 348, 47 L. R. A., N. S., 1127, and annotation following this case; 7 C. J. S., Attachment, § 426. In 4 Am. Jur., Attachment and Garnishment, Section 641, it is stated: "A majority of the courts hold that non-ownership of the property is not a ground for the dissolution of the attachment when relied on as a basis of jurisdiction over a non-resident, since the judgment is at most only *in rem,* and, therefore the defendant is not affected thereby if he does not own the property." Accordingly, it was held in the recent case of *Rice v. Wheeling Dollar Savings & Trust Co.,* 155 Ohio St. 391, 99 N. E. (2d) 301, 306, that a motion by non-resident defendants to quash and set aside service by publication upon them and to discharge the attachments upon the ground that they did not own the property attached was properly denied. In answering a contention of the non-resident defendants that the object of the attachments and the effect thereof was to force them into an Ohio court to defend an action outside the state in which they resided, the Court said, "they do not have to submit themselves personally to the jurisdiction of the Ohio court and if the attached property does not belong to them they will suffer no material injury by the disposition Ohio courts may make of the same."

It was stated in *Metts v. Piedmont & Arlington Life Ins. Co.,* 17 S. C. 120, that a defendant debtor cannot move to discharge an attachment on the ground that the property attached does not belong to him. The Court said: "The attachment can operate only on the interest of the debtor. It cannot divest any lien, incumbrance, or title of a third party, or affect his interest in any way. If the debtor has no interest, the proceeding is futile and its results will be fruitless. The creditor levies on the property of persons other than the debtor, at his peril. But this fact affords no ground, as far as we have been able to find, for the disso-

lution of the attachment. The attachment is based upon facts disconnected with the property, and it must stand or fall upon these facts."

However, it was later held by this Court that where property is attached to secure jurisdiction of a non-resident defendant, he can move for the dissolution of the attachment on the ground of the ownership by another of the property attached. *Greenwood Grocery Co. v. Canadian County Mill & Elevator Co.,* 72 S. C. 450, 52 S. E. 191, 192, 2 L. R. A., N. S., 79, 110 Am. St. Rep. 627, 5 Ann. Cas. 261. Mr. Justice Woods there stated: "The general rule is that an attachment will not be dissolved, on the ground that the defendant has no title to the property, or that it is the property of the plaintiff. The defendant's lack of interest in the property would affect the title of the purchaser under the attachment, but not the validity of the process. Drake on Attachments, § 417. As said in *Metts v. Piedmont & A. Insurance Co.,* 17 S. C. 120, 123: 'The attachment is based on facts disconnected with the property, and it must stand or fall upon these facts.' But it is manifest this reasoning does not apply where the court obtains jurisdiction of a nonresident by virtue of the attachment of his or its property in the state. In such case, the jurisdiction and the validity of the attachment depend upon the defendant having property in the state, and if this fact does not appear, it is fatal." To the same effect is *Cleveland v. Cannady,* 112 S. C. 477, 100 S. E. 147. The *Greenwood Grocery case* was followed by District Judge Glenn in *La Varre v. International Paper Co.,* D. C., 37 F. (2d) 141, and was cited with approval by a Maine District Judge in *Pennsylvania Co. for Ins. on Lives and Granting Annuities v. United Railways,* D. C., 26 F. Supp. 379.

A case involving procedure strikingly similar to that followed in the instant case is *Union Buffalo Mills Co. v. Thesmar,* 98 S. C. 1, 81 S. E. 181, 182, Ann. Cas. 1916D, 476. There the plaintiff brought suit against a non-resident and attached as his property certain funds in a South Caro-

lina bank. The National Bank of Savannah served formal notice that it was the owner of the money. The defendant moved to dissolve the attachment upon the ground that the Savannah bank was the owner of the funds and not the defendant. In holding that the Circuit Judge properly refused to set aside the attachment, the Court said: "The initial question is, Can a defendant, who claims neither possession nor title, move to set aside an attachment? He cannot. *Metts v. Piedmont & A. Life Insurance Co.*, 17 S. C. [120] 122. Mr. Drake, the highest authority on attachment proceedings, says that 'the defendant debtor cannot move to dismiss an attachment on the ground that the property attached did not belong to him.' The question is between the attaching plaintiff and the intervening claimant."

In the instant case, plaintiff has apparently not questioned the right of defendant to raise the issue of ownership by motion to vacate the service for lack of jurisdiction. Plaintiff's contention is that title or ownership should not be determined on affidavits and that defendant's motion cannot be used to deprive it of the right to have an issue as to ownership tried under Section 10-929 and determined by testimony. The foregoing authorities have been reviewed mainly for the purpose of showing that the parties primarily interested in the contest as to the ownership of the proceeds of the draft are plaintiff and the Bank of Nova Scotia. There can be no doubt that in a contest between them, plaintiff would be entitled to have the issue determined on testimony under Section 10-929. A decision in such proceeding would end the controversy. If against the plaintiff, the attachment would fail. Here the Court below permitted the ownership of the funds to be determined on motion to quash and set aside the service, which was heard on affidavits. Although counsel for the Bank say they took no part in the argument of this motion, the Court below considered their affidavits and they have filed a lengthy brief and participated in oral argument before this Court. They are thus seeking to obtain the benefit of having the issue determined on affidavits.

Assuming the right of the defendant to raise the issue of ownership by motion to dismiss the service, we think that *where there is intervention and a substantial question as to ownership is presented,* the better practice is to defer final action on the motion to dismiss until the intervenors' claim is determined. And it has been so held. *Western Grocery Co. v. Alleman,* 81 Kan. 543, 106 P. 460, 27 L. R. A., N. S., 620; 4 Am. Jur., Attachment and Garnishment, Section 640. Any other procedure could result in giving the intervenor the privilege of having the question twice litigated. If he did not participate in the motion to set aside the service, no adjudication as to ownership there made would be binding on him. If the motion was denied, he could have the fact of ownership passed upon anew when issues were framed under Section 10-929.

While we do not undertake to pass upon the merits, a careful consideration of the affidavits and exhibits leads to the conclusion that a substantial question is presented as to the ownership of the attached funds which can better be determined by testimony with the right of cross examination. As pointed out in *Campbell v. Noble-Trotter Rice Milling Co., Inc. (Ex parte Calcasieu-Marine National Bank),* 188 S. C. 212, 198 S. E. 373, and numerous other authorities, whether the Bank of Nova Scotia took this paper merely as an agent for collection or as a purchaser depends upon the intention of the parties, as shown by the attending circumstances.

Finally, it is argued that plaintiff has waived the right to raise the procedural question just discussed. First, it is claimed that by attaching affidavits to its notice of contest, plaintiff thereby initiated the procedure of which he now complains. But previously thereto counsel for the Bank had served a verified claim which was treated as an affidavit and counsel for defendant had attached to their notice to vacate the service certain affidavits. We do not think in replying by affidavits plaintiff necessarily consented to this mode of trial. Secondly, it is said that the plaintiff

acquiesced in the hearing of the motion to vacate the service on affidavits. It will be remembered that it was at the request of defendant's counsel that the motion to vacate the service was first heard. The record does not clearly show whether plaintiff's counsel objected to the hearing of this motion on affidavits. In settling the case for appeal, the trial Judge does state that he did not recall their having made an oral motion at the hearing for an order framing issues and referring same to the Master. But prior thereto they had given notice to counsel for the Bank, which was also served on defendant's counsel, to frame an issue as to the ownership of the proceeds of the draft and this was renewed when plaintiff's counsel made a motion for a new trial. While the matter is not free from difficulty, we would not be warranted in holding that plaintiff has waived the right to raise the procedural question. In support of this conclusion see *Metts v. Piedmont & Arlington Life Insurance Co., supra,* 17 S. C. 120.

In view of our decision on procedure, we do not reach the merits of the controversy and intimate no opinion thereabout.

It is stated in the record that the parties have agreed that the decision in this case shall also govern three other cases now pending involving the same questions here presented.

The orders of the Circuit Judge are reversed and the case is remanded for trial of the issue of ownership of the attached property.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.